401 A.2d 1133

Shirley Lillian BASS, Administratrix of the Estate of Stanley Bass, Deceased, Appellant,

v.

COMMONWEALTH of Pennsylvania, et al., William Robinson, Commissioner of Bureau of Corrections, Larry Reid, Director of Treatment of Graterford Prison, Police Department, City of Philadelphia, Julius T. Cuyler, Superintendent of Graterford Prison, John Doe, Charles Jackson, and the Estate of Charles Jackson.

Supreme Court of Pennsylvania.

Argued Jan. 18, 1979.

Decided May 3, 1979.

Reargument Denied June 8, 1979.

Dissenting Opinion June 11, 1979.

Robert A. Rovner, Philadelphia, for appellant.

Stanley I. Slipakoff, Asst. Atty. Gen., Philadelphia, for appellees.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Shirley Lillian Bass, seeks leave to file an appeal nunc pro tunc from the order of the Commonwealth Court. The facts which gave rise to appellant's original suit are as follows. On July 11, 1975, Stanley Bass was killed by one Charles Jackson who was then AWOL from a weekend furlough from Graterford Prison. Appellant, the victim's

wife and executrix of his estate, filed a complaint in trespass in the Court of Common Pleas against Julius Cuyler, Superintendent of Graterford Prison, William Robinson, Commissioner of the Bureau of Corrections, Larry Reid, Director of Treatment at Graterford, and John Doe.

The action was transferred to the Commonwealth Court and in preliminary objections the defendants raised official immunity as a complete defense to the action. The Commonwealth Court sustained the objection as to the Commissioner of the Bureau of Corrections finding him entitled to absolute immunity under the applicable law. The other defendants were held not to be officers of the Commonwealth and that action was transferred back to the Court of Common Pleas for want of jurisdiction.

Appellant decided to file an appeal in this Court from the order of Commonwealth Court. Appellant's counsel prepared the necessary appeal papers which were typed up by his secretary and were ready for filing on Friday, July 7, six days prior to the expiration of the time allowed for filing the appeal. The papers were placed in a folder on the corner of the secretary's desk, along with other papers to be taken to the courthouse for filing. During the late afternoon of that Friday, the secretary became sick and left work. She was out sick during the entire following week, returning to work on Monday, July 17. Although the normal office procedure was to have a secretary check the desk of a secretary who was ill, in this case the secretary who was ill was the one who routinely did this checking. The ill secretary, in her deposition concerning this matter, stated that she was too sick to think about calling the office. During her illness, she was treated by a physician.

When the secretary returned to the office, she became aware that the appeal had not been filed and immediately took steps to correct the situation. A petition for permission to file an appeal nunc pro tunc was filed in this Court on Monday, July 17, four days after the normal appeal period had expired. Appellee concedes that the delay in filing the appeal was caused by the secretary's illness. Under the

circumstances recited, we conclude that appellant's petition for permission to file an appeal nunc pro tunc should be granted.

We have often said that the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975); *Dixon Estate*, 443 Pa. 303, 279 A.2d 39 (1971). Furthermore, we have previously limited the extension of the time of filing an appeal to cases where "there is fraud or some breakdown in the court's operation." *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975).

The negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal.

In this case, however, we are presented with a non-negligent failure to file a timely appeal after the client had made a decision to appeal.

Appellant, in contending that we should grant this petition, recognizes that, in the past, extension of a statutory period during which an appeal must be filed has been justified only where there is "fraud or some breakdown in the court's operation through a default of its officers." *Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154, 157 (1938); *West Penn Power Co. v. Goddard, supra.* Appellant argues that we should equate the failure to file a timely appeal in this case as "in fact a negligent act of a court official." Appellant also argues that "mere inadvertence" should not prevent an appellant from access to the appellate process. It is true that in our system of law an attorney, in a sense, serves both as an advocate for his client and as an officer of the court. It has recently been recognized by statutory law that an attorney is a public officer. The Judicial Code specifically provides:

"Persons admitted to the bar of the courts of this Commonwealth and to practice law pursuant to general rules shall thereby hold the office of attorney at law." The Judicial Code, 42 Pa.C.S.A. § 2521.

We are unable to conclude, however, that the office of attorney is to be equated for all purposes with the term "court officer." We cannot overlook the fact, however, that an attorney at law, chosen by a client from a limited group of persons legally entitled to represent the client, is an integral and necessary part of our system of justice. To view a citizen's attorney as a completely non-public officer would be ignoring the reality that our system of justice could not function properly and efficiently without the traditional view that an attorney not only represents a client, but is in a sense an officer of the court. Therefore, at least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court. Without doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was non-negligent. Under the circumstances of this case, however, we fail to find any basis for concluding that either the attorney or his secretary acted negligently.

Although there are some exceptions, ordinarily non-negligent conduct, although its results in injury to another is not actionable. This principle can be illustrated by assuming that an attorney, while on his way to the Prothonotary's Office to file an appeal has an unexpected heart attack or other illness which causes him to lose control of his vehicle, and injure a bystander. The attorney (or any other person) would not be held liable. Society and the courts have recognized that events occur sometimes because of unexpected non-negligent causes. Just as the attorney would not be liable for damages to the bystander resulting from his non-negligent driving, his client should not suffer because the attorney, as a result of his illness, was unable to file the appeal. The example we have given is akin to the case before us. There has been a non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal.

Petition granted.

O'BRIEN, J., did not participate in the consideration or decision of this case.

NIX, J., filed a concurring opinion.

ROBERTS, J., filed a dissenting opinion in which EAGEN, C. J., joined.

NIX, Justice, concurring.

I agree with the result reached by the majority, and I am substantially in accord with the reasoning employed to reach that result. Nevertheless, I believe a further response is required because of the dissenting opinion filed by Mr. Justice Roberts. Hence this concurring statement.

Both the majority and dissent agree that the uncontroverted facts in this appeal would not justify a finding of "fraud or some breakdown in the court's operation." *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975). It is agreed that the time in which an appeal must be filed "cannot be extended as a matter of grace." *West Penn Power Co. v. Goddard, supra,* 460 Pa. at 556, 333 A.2d at 912. Finally, it is agreed that negligence of the party, or of counsel for the party, does not provide a basis for ignoring the fact of an untimely filing of an appeal. The area of dispute between the majority and dissenting views is confined to the narrow question as to whether the facts in this case support a finding of negligence on the part of appellant or one of her agents. Thus any suggestion by the dissent that the majority has in any way altered the accepted standards or deviated from prior precedent is unwarranted and unfounded.

The uncontroverted evidence establishes that the omission of the secretary in this case was as a result of a debilitating illness and not sloth or neglect. Thus if negligence is to be found, it must spring from a determination that the attorney's office procedures did not adequately and reasonably provide for such contingencies. Here the record establishes that the office routinely provided for a "check" to ascertain whether the secretarial assignments were being promptly performed. In this case, regrettably, it was the person who

had the responsibility of making these "checks" that also was assigned to file the papers in question and who became ill. In view of the size of the office it cannot be persuasively argued that the regular procedures employed for avoiding such omissions were inadequate. Thus since the hearing court was obliged not to arbitrarily reject the uncontroverted testimony, *see Smith Estate,* 454 Pa. 534, 538–39, 314 A.2d 21 (1974), quoting *Cline Will,* 433 Pa. 543, 547, 252 A.2d 657, 660 (1969), there is no basis for finding negligence on the part of appellant or her agents.

In response to the dissent, I am of the view that a contrary result would be punitive, arbitrary and not supported by rule or precedent. Such a result could be *legitimately* assailed as doing violence to our system of jurisprudence.

ROBERTS, Justice, dissenting.

Today the majority abandons this Court's Rules of Civil Procedure and also its prior case law and awards an appeal nunc pro tunc to an appellant, represented by counsel at all relevant times, who admits that the failure to file a timely appeal was due to neglect. Appellant, as all other litigants, had thirty days in which to file an appeal. Appellant failed to do so. Appellant, nonetheless, argues before this Court that appellant should be allowed an appeal because for seven of those thirty days, appellant's lawyer's secretary was sick and failed to carry out her employer's instructions. Unlike the majority, appellant does not attempt to suggest that her situation is comparable to one in which, for example, an attorney on his way to file papers is struck down by disease or accident. And yet, the majority grants relief on the basis of this unraised and unargued "act of God" theory.

Is not today's action a signal to litigants that the majority is abandoning the timeliness requirements firmly established by Pennsylvania statutory and decisional law and by our rules of court and will grant relief as it sees fit, based not on law or precedent but rather on what is asserted to be the staff situation in an attorney's office? Today it is the

claimed illness of an employee which the majority says is persuasive. Tomorrow will it not be the claimed illness of a member of the employee's family or whatever the reasons for an employee's absence or any other irrelevance? Will not today's result create a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed? An effective appellate judicial adversary system cannot function as a tribunal of equal justice under law when it excuses negligent noncompliance with the law on an ad hoc basis. Who is to know, therefore, whether today's newly created majority rule will be available to all litigants or whether its application is for today's appellant-litigant alone, "a restricted railroad ticket, good for this day and train only?" *Smith v. Allwright,* 321 U.S. 649, 669, 64 S.Ct. 757, 768, 88 L.Ed.2d 987, 1000 (1944). Does not the failure to enforce the timeliness requirements constitute an invitation to litigants to disregard the timeliness requirements and thus adversely affect the evenhanded administration of justice?

Appellant avers that on July 11, 1976, Stanley Bass was killed by Charles Jackson, and that at the time of the offense, Jackson was AWOL from a weekend furlough from Graterford prison, where he was serving a four to ten year sentence for armed robbery.

Appellant, the victim's wife and executrix of his estate, on July 12, 1976, filed in the Court of Common Pleas of Montgomery County a complaint in trespass. The action was subsequently transferred to Commonwealth Court. The Commonwealth Court sustained preliminary objections.

Appellant decided to take an appeal to this Court from the order of the Commonwealth Court. It is alleged that appellant's counsel began to prepare the necessary appeal papers, but the appeal was never filed. A week before the thirty day filing period was to expire, appellant's counsel asked his secretary to type the appeal documents and to file those papers within the week. The secretary did not file the papers immediately, became ill, did not come into work for a week, and returned one day after the appeal period had run. Appellant filed this petition for leave to file her appeal

"nunc pro tunc" two days later, thirty-three days after the decision of the Commonwealth Court was rendered.

Section 502(a) of the Appellee Court Jurisdiction Act of 1970, P.L. 673, art. II, 17 P.S. § 502(a), and Pa.R.A.P. 903 provide thirty days in which an appeal may be filed. Cf. *Broome v. Antlers' Hunting Club,* 595 F.2d 921 (3d Cir., 1979) ("appellant's wrongful death action was barred by Pennsylvania's one year statute [of limitations] because it had been filed a day after the time limit had elapsed."). It is established that "the time for taking an appeal cannot be extended as a matter of grace. The extension of a statutory period providing for the period of time during which an appeal may be filed is only justified where there is fraud or some other breakdown in the court's operation." [citations omitted.] *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). Appellant does not allege fraud. Rather she asserts negligence. But "the mere neglect of counsel cannot justify the granting of an appeal nunc pro tunc." *Rostosky v. Commonwealth of Pa., D. E. R.,* 26 Pa.Cmwlth. 478, 482, 364 A.2d 761, 763 (1972).* The negligence here alleged is just that—there has been no fraud or breakdown in the courts. See Restatement (Second) of Torts § 302A; Restatement (Second) of Agency § 213. See also, *Dominguez v. United States,* 583 F.2d 615 (2d Cir.), cert. denied, 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979) (office cave-in of attorney occurring after motion due did not excuse failure to file in a timely fashion). Appellant's argument that her attorney's admitted negligence was a breakdown in the operation of the court must be rejected. Compare *Commonwealth v. Horner,* 449 Pa. 322, 296 A.2d 760 (1972) (appeal "nunc pro tunc" granted Commonwealth where it had no independent notice of filing of court order and appeal filed within statutory period of erroneous date in that court order). See also *Estate of Shelly,* 463 Pa. 430, 345 A.2d 596 (1975). The negligence of appellant's attorney, and

---

* Even a cursory reference to any volume of Pennsylvania State Reports will reveal many instances in which appeals were dismissed because not timely filed, but no case in which such an untimely appeal, as here, was permitted.

his employee, in failing to meet the statutory requirement is in no way sufficient to ignore the law mandating the timely filing of appeals.

Here the majority's ipse dixit result is plainly contrary not only to the specific statutory mandate, but also to prior decisions of the Court dealing with the fixed requirements of timeliness in judicial proceedings. It is just such judicial refusal to observe Pennsylvania statutory and case law which creates confusion and uncertainty in the minds of the bench, bar and public. Even more damaging, today's majority decision destroys confidence in, and respect for, the integrity of the decisional process in a court of last resort.

I dissent.

EAGEN, C. J., joins in this dissenting opinion.

## DENIAL OF APPLICATION FOR REARGUMENT

ROBERTS, Justice, dissenting.

I dissent from the majority's unsupportable refusal to grant the Attorney General's application for reargument. The application of the Attorney General sets forth ample meritorious and persuasive grounds for granting reargument and cogently presents jurisprudential, practical and compelling reasons to correct the majority's erroneous decision.

The controlling cases cited by the Attorney General reaffirm and reemphasize the well-established rule, long the law in this Commonwealth, that extensions of the statutory period for filing of appeals are "only justified where there is fraud or some breakdown in the court's operation." *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). See also *Dixon Estate,* 443 Pa. 303, 279 A.2d 39 (1971); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1936); *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863 (1918). Here there is absolutely no evidence or even suggestion of fraud or breakdown. All that is here is, as appellant concedes, a delay caused by appellant's privately retained counsel. Thus, the circumstances of this case provide no basis for departing from the Legislature's and this Court's

proscription against untimely appeals. The statutory thirty day filing requirement is a legislative determination that appeals if taken must be within that period. That requirement is a legislative judgment that statutory timely appeals and adjudicative finality advance the quality of our jurisprudence. That determination is binding upon all and the legislatively fixed thirty days does not mean thirty days plus as many additional days as the majority sees fit to grant.

The majority's arbitrary departure here from the fixed statutory time limits for filing appeals will surely come as a startling and unwelcome surprise to the bench, bar and particularly the Legislature. Basic to our jurisprudence is the fundamental rule that courts not intrude on the province of the Legislature. Yet, as the Attorney General notes in his application for reargument,

> "In this case, the Court has dramatically extended this exception [to the rule] to include 'non-negligent' delays by counsel. . . . [T]his new rule invites abuse by litigants and places an unworkable burden upon appellate courts . . . to determine whether or not a particular lawyer was negligent given all the circumstances of that particular case."

The majority's decision creates, "a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed." *Bass v. Commonwealth of Pennsylvania,* 485 Pa. 263, 401 A.2d 1136, 1137 (1979) (Dissenting Opinion, Roberts, J., joined by Eagen, C. J.). "Is not today's action a signal to litigants that the majority is abandoning the timeliness requirements firmly established by Pennsylvania statutory and decisional law and by our rules of court and will grant relief as it sees fit, based not on law or precedent but rather on what is asserted to be the staff situation in an attorney's office? Today it is the claimed illness of an employee which the majority says is persuasive. Tomorrow will it not be the claimed illness of a member of the employee's family or whatever the reasons for an employee's absence or any other irrelevance?" Id.

In reality, the majority has disregarded the long controlling thirty day rule and has instead substituted its own

vague, standardless, and undefined exception for extensions of the thirty day appeal period. Can anyone now or in the future say whether a judgment unappealed for thirty days is final or is still appealable under the majority's new exception to and extension of the thirty day rule? The majority's refusal in this case to enforce the statutorily prescribed time limit for filing an appeal and the majority's failure to apply our previously clear and long announced case law creates confusion in appeal procedures and the administration of justice. See generally, *Bass,* supra (Dissenting Opinion).

In sum, the argument in the Attorney General's application conclusively establishes that the majority decision flies in the face of the specific legislative mandate limiting the time for appeals. Jurisprudential wisdom and the integrity of the appellate process dictate that the majority's decision be withdrawn and corrected to comply with the statutory requirements and controlling case law of this Court.

At the very least, and in light of the Attorney General's position that "the Commonwealth has a vital interest in this matter in that it is a party in hundred[s], if not thousands of cases annually," the worthy and meritorious application of the Attorney General should be granted and reargument ordered.