Tony Grande, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Angelo M. Rodriguez), Respondents.

Submitted on briefs June 7, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Elliott B. Goldstan,* with him *John A. Goldstan, Goldstan & Goldstan,* for petitioner.

*James M. Potter, Liever, Hyman & Potter,* P.C., for respondent, Angelo M. Rodriguez.

OPINION BY JUDGE BLATT, February 4, 1983:

The petitioner, Tony Grande, Inc., appeals here from a decision of the Workmen's Compensation Appeal Board (Board) which dismissed its appeal and granted the motion to quash filed by the claimant (Rodriguez). The claimant argues that the appeal was not filed within the time period prescribed in Section 423 of The Pennsylvania Workmen's Compensation Act (Act)[1], and it is undisputed that the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §853.

appeal was not filed within the 20 day period provided for by the Act.

The petitioner contends that it was an abuse of discretion for the Board to refuse to exercise its power to extend the time for appeal from a referee's determination beyond the 20 day period allowable here, and it argues that "cause was shown" for the delay in its documentation of the unpredicted and unavoidable hospitalization[2] of its attorney 10 days into the appeal period.

Section 423 of the Act, 77 P.S. §853, provides in pertinent part:

Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board. . . . The board may, upon cause shown, extend the time provided for in this article for taking such appeal or for the filing of an answer or other pleading.

While it is true that mere administrative oversight or negligence occurring in the office of the appellant's lawyer is not cause for allowing a late appeal[3], we are faced in this case with a non-negligent failure to file a timely appeal due to the hospitalization of petitioner's counsel, a failure which was promptly corrected by the attorney's associate, immediately upon it being brought to his attention three days after the appeal period had lapsed. Our Supreme Court held in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) where a factually similar situation

---

2 While hospitalized for cardiac disease and cardiac arrhythmia, he had a cardioversion performed which was complicated by transcient ischemic attacks shortly thereafter.

3 See *Wertman v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 169, 426 A.2d 205 (1981).

was presented, that where no prejudice occurred, the petitioner should not lose his day in court due to the non-negligent act of his attorney.

Inasmuch as the failure to file a timely appeal was non-negligent, and any prejudice to the claimant from the three day delay would necessarily be minimal, we will reverse the Board's decision and order that the appeal be accepted and decided on its merits.

ORDER

AND Now, this 4th day of February, 1983, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed, and the case is remanded to them with directions to allow the appeal.