Henry W. Perry, Petitioner *v.* Commonwealth of Pennsylvania,    Unemployment    Compensation Board of Review, Respondent.

Argued January 31, 1983, before Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*James J. Auchinleck, Jr.,* of counsel: *McCoy & Auchinleck, P.C.*

*Charles G Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, May 18, 1983:

Henry W. Perry (claimant) appeals the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits on the basis that he had voluntarily quit work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law[1] (Act).

Prior to reaching a discussion on the merits of the case, we will first address the Board's motion to quash the claimant's petition for review, pursuant to Section 510.1(b) of the Act, 43 P.S. §830.1(b) which provides that "[e]very appeal to the Commonwealth Court shall be taken within thirty (30) days after the decision or order of the board is issued. . . ."

The claimant, while admitting that the appeal was filed after the 30-day limit, requests the allowance of an appeal nunc pro tunc, and alleges that mechanical problems with his counsel's law clerk's automobile,[2] while en route to the post office, precluded a timely filing. He argues that, because the appeal was then mailed at the next opportunity, and the three-day delay did not result in any prejudice to the Board, his appeal should now be allowed.

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). (Claimant shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work.)

[2] The claimant has submitted an affidavit from the law clerk stating that on April 23, 1982, while on his way to the post office to mail the petition for review, his automobile experienced mechanical difficulties and that he attempted to reach any post office before closing time, but was unable to do so. Friday, April 23, 1982 was the last day for filing the petition and the law clerk was intending to mail it, and complete U.S. Postal form no. 3817 to evidence the mailing. The petition was finally mailed on Monday, April 26, 1982.

We find the case of *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) to be dispositive on this issue. In *Bass*, our Supreme Court held that, where the attorney's non-negligent failure to file a timely appeal is promptly corrected and does not result in prejudice, the petitioner should not lose his day in court. While it is true that the time for taking an appeal will not be extended as a matter of grace or mere indulgence, the failure here was non-negligent, and any prejudice resulting from the three-day delay in the appeal process would necessarily be minimal. *Bass*. We will therefore deny the Board's motion to quash the appeal and grant the claimant's request for allowance of an appeal nunc pro tunc.[3]

As to the merits of the case, the claimant had been employed until July 17, 1981 by the Robertson American Corporation (employer) as a sprayer. He was then accused of selling controlled substances on company premises, and the employer contends that, upon being confronted with this accusation, the claimant resigned, choosing not to utilize the union grievance procedure. The claimant contends, however, that he was discharged by the employer and is entitled to benefits.

A claimant alleging that he did not quit, but instead was discharged, bears the burden of proving that contention. *Miller v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 410, 431 A.2d 1138 (1981). And where, as here, the party

---

[3] In an analogous situation involving an appeal from an order of the Workmen's Compensation Appeal Board, we found *Bass* to be controlling, and held that where the appeal was filed three days after the appeal period had lapsed due to the hospitalization of the petitioner's counsel, and no prejudice had resulted to the other party, the appeal would be allowed. *Tony Grande, Inc. v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983).

with the burden of proof does not prevail before the Board, our scope of review is to determine whether or not the facts are consistent with each other and with the conclusions of law and whether or not the findings can be sustained without a capricious disregard of the competent evidence. *McDermott v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981).

In this case, another employee (Janet Hopkins) testified that, on the day in question, the claimant and the Plant Manager (Mr. Howe) came into the payroll personnel office, and that the claimant stated to her then that "he resigned" because he was "presently selling drugs". The claimant objects to consideration of this testimony, arguing that it is hearsay, which is uncorroborated by any evidence in the record. We believe, however, that an admission of a party is an exception to the hearsay rule. *Kilpatrick v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 201, 429 A.2d 133 (1981). In any case, the claimant's own testimony supports the alleged hearsay testimony, for he admits going into the payroll personnel office with Mr. Howe and talking to Janet Hopkins. The only discrepancy between the two accounts of the conversation is that the other employee testified that the claimant said "I resigned" and that the claimant said his words were "I was fired." This matter is clearly a credibility determination, and it is well established that questions of credibility are within the province of the compensation authorities, who are the fact-finders, and not within the province of this Court. *Jacobs v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 503, 449 A.2d 839 (1982).

Our careful review of the record persuades us that the findings of the referee can be sustained without a

capricious disregard of competent evidence, and we will therefore affirm the order of the Board affirming the referee's adjudication.

ORDER

AND Now, this 18th day of May, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

While I concur in the result reached by the majority on the merits, I must respectfully dissent to that part of the majority opinion which denies the motion to quash.

I think that the facts here are clearly distinguishable from those in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) and that the decision in *Bass* should not be extended beyond the circumstances of that case. I note that the concurring opinion by Justice NIX in *Bass* carefully points out that the decision reached in that case is not a revision of the accepted standards normally applied to an appeal untimely filed. The application of those standards to the instant case, in my opinion, would compel us to grant the motion to quash. Counsel who waits until the last day to file an appeal should be held accountable if his law clerk's automobile breaks down on the way to the post office.