Leo Walker, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 11, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Leo Walker,* petitioner, for himself.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 16, 1983:

Leo Walker appeals an Unemployment Compensation Board of Review order dismissing as untimely

his appeal of a benefits denial. We reverse and remand.

On July 29, 1980, a referee issued a decision denying Walker's benefits claim; a copy of the decision, accompanied by notice that he had fifteen days to file an appeal with the Board,[1] was mailed to the claimant's last known address on the same date. Walker, however, filed his appeal on September 22, 1980, after the appeal period had expired. The Board then remanded to the referee to make a record on the timeliness issue. Walker there testified that he had requested the postal service to forward his mail to another address but, because it had failed to do so, the referee's decision and appeal instructions were not received until September 18, 1980. The Board dismissed the appeal because Walker had not shown that the filing delay was due to negligence or fraud by the compensation authorities, and did not consider the alleged extenuating circumstances.

Walker here argues that the Board's decision must be reversed because it does not reach the merits of the extenuating circumstances claim. We agree. An untimely appeal may be allowed where the untimeliness is not the result of the negligence of the appellant. *See, e.g.: Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979); *Perry v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board,* 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983). Thus, we must remand for findings of the reasons for the delayed filing. *See, e.g., Dick v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 285, 417 A.2d 841 (1980).

---

[1] Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §822, sets a fifteen-day appeal period.

Reversed and remanded.[2]

ORDER

The Unemployment Compensation Board of Review order in No. B-UCSE-80-99-A-750, dated May 29, 1981, is hereby reversed and this matter is remanded to the Board for further proceedings not inconsistent with this Opinion. Jurisdiction relinquished.

[2] Because of our disposition of this matter, we find it unnecessary to address the other issues raised by Walker.