597 A.2d 288

**David M. NARDY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted July 5, 1991.

Decided Sept. 12, 1991.

---

Michael F.X. Gillin, for appellant.

David R. White, Asst. Counsel, for appellee.

Before McGINLEY, and BYER, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

David M. Nardy (Nardy) appeals from an order of the Court of Common Pleas of Delaware County that dismissed his petition for permission to appeal *nunc pro tunc* from an order of Department of Transportation, Bureau of Driver Licensing (DOT) that suspended his driving privileges for one year. Our scope of review of a trial court's

decision whether to allow an appeal *nunc pro tunc* is to determine whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Driver Licensing v. Kruc,* 125 Pa.Commonwealth Ct. 201, 205 n. 6, 557 A.2d 443, 445 n. 6 (1989).

Township police arrested Nardy as he exited his vehicle at his home following an automobile accident. They recorded a refusal to submit to chemical testing for blood alcohol content pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547; he later did submit to a test after he was turned over to the Pennsylvania State Police. Nardy retained counsel to represent him in his criminal case on charges filed by the State Police of driving under the influence of alcohol or a controlled substance. His counsel informed Nardy that he would be receiving a notice from DOT suspending his driving privileges for one year under Section 1547 of the Vehicle Code. His counsel also told Nardy that he should contact him when he received the notice, so that the suspension could be appealed.

DOT mailed the notice of suspension on May 18, 1990; therefore, the last day of the thirty-day appeal period was Monday, June 18, 1990. Sometime between Wednesday June 13 and Friday June 15 Nardy hand-delivered the notice to his counsel's office. Counsel was attending a bench-bar conference between June 13 and June 15. His secretary placed a Post–It note on the notice with the message "Appeal? David Nardy dropped this off, Sid." Standard office procedure called for the notice to be placed in a "Mail" folder along with other matters for review immediately upon return to the office. However, when counsel did return on Monday, June 18, the notice was not in the mail folder. On July 19 counsel appeared with Nardy at the criminal arraignment; afterward, he asked Nardy if he had yet received the DOT notice and learned then that Nardy had dropped it off at the office some time before. Counsel examined the file and discovered the notice with holes punched in it and the Post–It note still attached. The secretary had no memory of placing the notice in the file.

Counsel immediately prepared and filed a petition for permission to appeal *nunc pro tunc*. He represented to the court in his memorandum in support of his petition for permission to appeal that temporary help were being trained during the week when the notice was received in anticipation of the secretary's vacation the following week, and such a person might have placed the notice in the file. This explanation was speculation about which neither counsel nor the secretary could testify with certainty. After hearing arguments and considering memoranda of the parties, Senior Judge Robert A. Wright dismissed the petition and reinstated the suspension.

■ The question presented on this appeal[1] is whether the circumstances of this case are such as to require permitting the appeal under the holding of our Supreme Court in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), and later cases interpreting *Bass*. In *Bass* papers were typed some six days before the end of an appeal period and placed for filing in a folder on the corner of a secretary's desk. Later that day the secretary became ill and left work. She remained off work through the entire next week. Although a procedure existed for checking the desks of secretaries who were off, the one who was ill was the one who did the checking. When she returned and called attention to the unfiled appeal, counsel immediately sought permission to appeal *nunc pro tunc*.

The Supreme Court noted that the time for taking an appeal could not be extended as a matter of grace or indulgence, that extensions had been limited to cases involving fraud or some breakdown in the court's operation, and that negligence of an appellant or counsel was not a sufficient excuse for failure to file a timely appeal. *Bass*, 485 Pa. at 259, 401 A.2d at 1135. However, the Court concluded that the circumstances in that case constituted a non-negligent failure to appeal after the client had made a decision to appeal, which failure was promptly corrected, and the Court held that the appeal should be allowed.

1. Nardy is represented by different counsel before this court.

Nardy relies on *Bass* and on this court's application of *Bass* in *Perry v. Unemployment Compensation Board of Review*, 74 Pa.Commonwealth Ct. 388, 459 A.2d 1342 (1983). In *Perry* the car of attorney's law clerk broke down while he was on his way to the post office to file an appeal on the last day of the appeal period. This court concluded that such circumstances were within the *Bass* doctrine. Similarly, in *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 71 Pa.Commonwealth Ct. 566, 455 A.2d 299 (1983), we allowed an appeal, under *Bass*, where the attorney involved was unexpectedly hospitalized for serious cardiac problems ten days into a twenty-day appeal period. In *Walker v. Unemployment Compensation Board of Review*, 75 Pa.Commonwealth Ct. 116, 461 A.2d 346 (1983), we remanded for factual findings relating to the appellant's allegation that he failed to file his appeal timely because the post office failed to honor his request to forward his mail.

However, this court has also stated:

[T]he decisions in the Bass line of cases were limited strictly to the unique and compelling factual circumstances presented. to the court, and they were never intended to create, as Justice Roberts warned in his dissenting opinion in Bass, 'a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed.'

*Guat Gnoh Ho v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 154, 156, 525 A.2d 874, 875 (1987) (quoting *Bass*, 485 Pa. at 263, 401 A.2d at 1137 (Roberts, J., dissenting)). In *Moss v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth Ct. 466, 557 A.2d 839 (1989), a claimant alleged that miscommunication between his attorney and an associate resulted in the filing of his appeal by hand delivery to the Office of Employment Security on April 27 rather than by mailing on April 26, which was the last day of the appeal period. This court observed that those circumstances involved no hospitalization of an attorney, no failure of the post office to

forward mail, no car problems on the way to the post office and no ill secretary. We concluded that the case did not fall within the *Bass* doctrine.

In our view, the circumstances of the present case are closer to those of *Moss* than to those of *Bass* or of cases where untimely appeals have been allowed under *Bass*. Although the circumstances here are unfortunate, they are not so unique and compelling as those of *Perry* or *Tony Grande, Inc.* What happened here is more akin to office miscommunication than to an unforeseeable automobile breakdown or a sudden hospitalization.

Accordingly, we shall affirm the order of the Court of Common Pleas of Delaware County which dismissed the petition of Nardy for permission to appeal the suspension of his driving privileges *nunc pro tunc*.

### ORDER

NOW, September 12, 1991, the order of the Court of Common Pleas of Delaware County at No. 90–12574, dated February 4, 1991, is affirmed.