James C. LAJEVIC

v.

COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 15, 1998.

Decided Sept. 17, 1998.

Barbara A. Darkes, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

COLINS, President Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County (common pleas court), which sustained James C. Lajevic's (Lajevic) appeal of a one-year suspension of his driver's license imposed under Section 1547 of the Vehicle Code (Code).[1]

The facts as indicated in the record follow. On December 24, 1995, Officer Louanne Magrini of the City of Pittsburgh Police Department arrested Lajevic for driving while under the influence of alcohol. Lajevic was transported to a local police station for the administration of chemical testing where he was advised of the implied consent law [2] and was asked to submit to testing. Lajevic consented and performed the breathalyzer test, but failed to provide two consecutive sufficient samples. A refusal was recorded.

By notice dated February 20, 1996, DOT suspended Lajevic's operating privilege for a one-year period. On April 18, 1996, Lajevic, acting through counsel, filed a petition to appeal *nunc pro tunc.* A hearing, originally scheduled in common pleas court for July

---

1. Section 1547(b)(1) provides:

If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

75 Pa.C.S. § 1547(b)(1).

2. Pursuant to Section 1547(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(2), a police officer is required to warn a licensee arrested for DUI that his operating privilege will be suspended upon refusal to submit to chemical testing.

1996, was continued and held on September 20, 1996, during which DOT made an oral motion to quash Lajevic's appeal as untimely. Specifically, DOT argued that Lajevic had 30 days from February 20, 1996 in which to file his appeal, or by March 21, 1996, since there were 29 days in February 1996. As DOT emphasizes, however, Lajevic's appeal was not filed until April 18, 1996, 27 days after the statutorily prescribed appeal period had expired, thereby warranting quashing the appeal.

In response, Lajevic's counsel argued that he had become unexpectedly ill with pneumonia, had been hospitalized, and thereafter, had been confined to his house during the month preceding the final permissible filing date of Lajevic's appeal. Lajevic's counsel further maintained that he informed the Commonwealth of this situation and received the latter's consent to the late filing of Lajevic's appeal. Counsel for DOT, however, denied having given any such consent. We note that the record does not contain any written documentation to support the representations made by Lajevic's counsel regarding the Commonwealth's alleged consent.

The trial court accepted the explanation of Lajevic's counsel as credible and granted Lajevic's petition. Proceeding to the merits, Lajevic averred he had informed the intoxilyzer operator that he suffered from a respiratory ailment that precluded his providing sufficient breath samples for the breathalyzer test, but that he would submit to a blood test. This latter offer, however, was not accepted. During the hearing, Lajevic presented the testimony of his treating physician, Dr. Bernard T. Geiser, who stated that Lajevic suffered from "a number of upper respiratory conditions, hypertension and emphysema," as well as from "exertional shortness of breath" for which he treated with an inhaler. (Hearing Notes of Testimony, 9/20/96, p. 59.)

The trial court found Lajevic's contention that he was unable to perform the breath test as a result of his physical ailments credible, particularly as substantiated by Dr. Geiser, and sustained Lajevic's appeal. DOT now appeals from the trial court's decision.

Our scope of review, where, as here, the trial court permits an untimely appeal to be filed *nunc pro tunc,* is limited to determining whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Driver Licensing v. Gelormino,* 160 Pa.Cmwlth. 12, 636 A.2d 224 (Pa.Cmwlth.1993).

DOT argues that an appeal filed beyond 30 days from the mail date of the notice of suspension leaves the trial court without jurisdiction to hear and decide the merits of the case. Allowance of an appeal *nunc pro tunc,* contends DOT, may be granted only if the petitioner establishes that extraordinary circumstances such as fraud, duress, or administrative breakdown caused the delay in filing the appeal. In this case, DOT avers that Lajevic never established any of the foregoing conditions and that Lajevic's counsel failed to present any objective evidence documenting his illness and hospitalization, or the precise dates of the latter.

Upon review, we find the record lacks any independent evidence substantiating counsel's explanation for the late filing of Lajevic's appeal. During the hearing, although Lajevic's counsel averred that his illness and hospitalization were the reasons for the late filing, he failed to state the exact time frame of said illness and did not submit any medical records that would have verified it. Further, during the hearing, the averments of Lajevic's counsel that he had advised the Commonwealth of his medical problems necessitating the late filing of Lajevic's appeal, and that the Commonwealth did not object, were not confirmed by any correspondence of record and were specifically refuted by DOT's counsel.

Issues similar to those of the present case arose in *Nardy v. Department of Transportation, Bureau of Driver Licensing,* 142 Pa. Cmwlth. 388, 597 A.2d 288, 289–90 (Pa. Cmwlth.1991), wherein this Court stated the following:

The question presented on this appeal is whether the circumstances of this case are such as to require permitting the appeal under the holding of our Supreme Court in Bass v. Commonwealth, 485 Pa. 256, 401

A.2d 1133 (1979), and later cases interpreting Bass.

. . . .

The Supreme Court noted that the time for taking an appeal could not be extended as a matter of grace or indulgence, that extensions had been limited to cases involving fraud or some breakdown in the court's operation, and that negligence of an appellant or counsel was not a sufficient excuse for failure to file a timely appeal. *Bass*, 485 Pa. at 259, 401 A.2d at 1135. However, the Court concluded that the circumstances in that case [*Bass*] constituted a non-negligent failure to appeal after the client had made a decision to appeal, which failure was promptly corrected, and the Court held that the appeal should be allowed.... Similarly, in Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez), 71 Pa.Commonwealth Ct. 566, 455 A.2d 299 (1983), we allowed an appeal, under Bass, where the attorney involved was unexpectedly hospitalized for serious cardiac problems ten days into a twenty-day appeal period.

The present matter, when compared with *Rodriguez* and *Bass,* is problematic because of a lack of factual corroboration in the record of the representations made by Lajevic's counsel. For example, the record does not contain any independent evidence of his counsel's alleged medical emergency, whereas in *Rodriguez,* the medical emergency of licensee's counsel, posited as the reason for the late filing of licensee's appeal, was presented with "documentation of the unpredicted and unavoidable hospitalization of ... [licensee's] attorney 10 days into the appeal period." *Rodriguez,* 455 A.2d at 299. Moreover in *Rodriguez,* as soon as the associate of licensee's counsel was made aware of the situation, three days after expiration of the appeal period, he quickly corrected it. As a result, the Court directed that licensee's appeal be allowed and decided on its merits, "[i]nasmuch as the failure to file a timely appeal was non-negligent, and any prejudice to the claimant from the three day delay

would necessarily be minimal." *Rodriguez,* 455 A.2d at 300.

■ At the same time, it is significant to note the Court's prudent admonition that [t]he decisions in the Bass line of cases were limited strictly to the unique and compelling factual circumstances presented to the court, and they were never intended to create, as Justice Roberts warned in his dissenting opinion in Bass, 'a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed.' *Guat Gnoh Ho v. Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 154, 525 A.2d 874, (1987) (quoting Bass, 485 Pa. at 263, 401 A.2d at 1137 (Roberts, J., dissenting)).

*Nardy,* 597 A.2d at 290. In consideration of the foregoing caveat, we conclude that Lajevic's appeal, which was not filed until 27 days after expiration of the appeal period, and which lacked any documented evidence of record, including dates, to support the allegations of illness and hospitalization made by Lajevic's counsel, was significantly late and beyond the purview of the *Bass* and *Rodriguez* line of cases.

Based on the foregoing discussion, the trial court's order allowing Lajevic to appeal *nunc pro tunc* is reversed, and the one-year suspension of Lajevic's operating privilege is reinstated.

### ORDER

AND NOW, this 17th day of September, 1998, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed, and the one-year suspension of James C. Lajevic's operating privilege is reinstated.

FRIEDMAN, Judge, dissenting.

Because the Majority ignores the fact that credibility is for the trial court to determine, I respectfully dissent.

Generally, an appeal *nunc pro tunc* is granted only where the appellant establishes extraordinary circumstances involving fraud or a breakdown in the court's operations. *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d 1130 (1996).

However, this rule has been liberalized to include the non-negligent conduct of an appellant's attorney as possible grounds for permitting an appeal *nunc pro tunc. Id.; see also Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa.Cmwlth. 566, 455 A.2d 299 (Pa.Cmwlth.1983).

Here, Lajevic's attorney stated that he filed the appeal late because he had become unexpectedly ill and was hospitalized and, thereafter, was confined to his home. Crucially, *the trial court accepted this explanation as credible.* However, the Majority, exceeding this court's limited scope of review, disregards this credibility determination merely because the record does not contain any independent evidence to substantiate Lajevic's attorney's explanation. Specifically, the Majority points out that Lajevic's attorney "failed to state the exact time frame of said illness and did not submit any medical records that would have verified it." (Majority op. at 372.) However, Lajevic's attorney did state that he was hospitalized with pneumonia in March and that he was incapacitated for a month.[1] (Hearing Transcript 9/20/96 at 7.) In addition, there is no requirement that an appellant's counsel produce medical records to verify an illness. In fact, there is no indication that medical records were produced in *Bass.*[2] Furthermore, it is conceivable that Lajevic's attorney did not see the need to secure such documentation as he relied on DOT's consent to the delayed filing.[3]

Lajevic's attorney's illness is certainly the type of non-negligent conduct which our supreme court has recognized as a grounds for permitting an appeal *nunc pro tunc.* Because Lajevic's attorney provided a *credible*

explanation to establish that the late filing was due to his non-negligent conduct, I do not believe that this court may conclude that the trial court abused its discretion or committed an error of law in allowing the appeal *nunc pro tunc.* Accordingly, I would affirm the trial court's order.[4]

SMITH and KELLEY, JJ., join in this dissenting opinion.

---

1. This time period largely encompasses the period during which the appeal should have been filed. Thus, the Majority's statement that Lajevic's attorney was ill during the "month preceding" the final filing date, (Majority op. at 372), is misleading.

2. *Bass* states that the attorney's secretary testified that she was ill and that, during her illness, she was treated by a physician. However, there is nothing to indicate that the secretary produced medical records to verify the illness. We recog-

nize that this does not mean that courts necessarily will accept an explanation of an illness without medical documentation; anyone who fails to document one's illness does so at one's own risk.

3. Although the Majority emphasizes that DOT denied consenting to the extended period for filing the appeal, the trial court believed Lajevic's attorney.

4. I note that DOT does not challenge the trial court's decision on the merits.