Heather S. SMITH

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided April 17, 2000.

Bryan S. Neiderhiser and Timothy P. Wile, Asst. Counsel In-Charge, Pittsburgh, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

Before DOYLE, President Judge, KELLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Court of Common Pleas of Allegheny County (trial court) erred in granting the *nunc pro tunc* appeal of Heather S. Smith (Smith). Because it did, the order of the trial court is reversed and the one-year suspension of Smith's driving privilege is reinstated.

The relevant facts are as follows. On July 24, 1998, the Department of Transportation, Bureau of Driver Licensing (Bureau) notified Smith that, pursuant to Sections 1532(b) and 1581 of the Vehicle Code, 75 Pa.C.S. §§ 1532(b) and 1581, her driving privilege was suspended for one year. Under Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b) and 5572, Smith had 30 days from the mailing date of the Bureau's notice of suspension in which to file an appeal with the trial court. Smith subsequently filed her appeal on August 25, 1998 – one day late. The Bureau subsequently filed a motion to quash the appeal as untimely filed, and Smith in turn filed a motion to appeal *nunc pro tunc*.

A hearing was held before the trial court on both motions and, after initially granting the Bureau's motion to quash, the trial court, upon reconsideration, granted Smith's *nunc pro tunc* appeal. In so granting Smith's appeal, the trial court apparently accepted the explanation of Smith's counsel that his secretary, whose job it was to file the appeal, was ill and absent from the office on the day that she was to have filed the appeal. Counsel did not present his secretary as a witness, stating that his law office no longer employed her and that her whereabouts were unknown.

The Bureau now appeals to this Court,[1] arguing that the trial court erred in granting Smith leave to appeal *nunc pro tunc*. We agree with the Bureau.

As a general rule, an appeal *nunc pro tunc* will be granted in civil cases only where the cause of the late appeal was fraud or a breakdown in the court's operations. *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996). However, this standard has been relaxed where a litigant's right to appeal has been lost due to "extraordinary circumstances." *Id.* at 18, 679 A.2d at 764. Each case, however, is limited to the unique and compelling factual circumstances of that particular case. *Stanton v. Department of Transportation, Bureau of Driver Licensing*, 154 Pa. Cmwlth. 350, 623 A.2d 925 (1993).

For example, in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), the Supreme Court held that, where the failure of a litigant's attorney to file a timely appeal was non-negligent and the delay was minimal, the litigant should not lose her day in court. In *Bass*, the litigant's counsel prepared the necessary appeal papers and placed them on the desk of his secretary six days prior to the filing deadline. The secretary, however, became ill, left work, and did not return to work until the filing deadline had passed. When the secretary returned to work, counsel promptly drafted and filed a petition to appeal *nunc pro tunc*. In granting the appeal, the Supreme Court stated as follows:

> In this case . . . we are presented with a non-negligent failure to file a timely appeal after the client had made a decision to appeal. . . . [A]t least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court. Without doubt the passage of any but the briefest period of time during which

1. Where the trial court permits an untimely appeal to be filed *nunc pro tunc*, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Lajevic v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 371 (Pa. Cmwlth.1998).

an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was non-negligent. Under the circumstances of this case, however, we fail to find any basis for concluding that either the attorney or his secretary acted negligently.

*Bass,* 485 Pa. at 259–60, 401 A.2d at 1135. As the dissent in *Bass* cautioned, however, this exception should not be viewed as creating "a new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed." *Id.* at 263, 401 A.2d at 1137 (Roberts, J., dissenting). *See also Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d 1130 (1996) (hospitalization of litigant during the running of the appeals period which resulted in the non-negligent late filing of the appeal supplied grounds for granting an appeal *nunc pro tunc* ); *Walker v. Unemployment Compensation Board of Review,* 75 Pa.Cmwlth. 116, 461 A.2d 346 (1983) (where Post Office failed to forward referee's decision, which resulted in untimely filing of appeal, the Board erred in not considering this extenuating circumstance when determining whether to grant a *nunc pro tunc* appeal); *Perry v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 388, 459 A.2d 1342 (1983) (where delay was due to mechanical failure of law clerk's car en route to Post Office to mail appeal, appeal *nunc pro tunc* was warranted); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 71 Pa.Cmwlth. 566, 455 A.2d 299 (1983) (appeal *nunc pro tunc* warranted where appeal is late due to sudden hospitalization of counsel).

■ Smith argues that *Bass* controls, and that the trial court's grant of her *nunc pro tunc* appeal must therefore be affirmed.[2] However, this case is more analogous to, and is controlled by, our recent decision in *Lajevic.*[3] In *Lajevic,* the trial court granted the *nunc pro tunc* appeal of the litigant's counsel based on counsel's explanation to the court that he was ill with pneumonia, hospitalized, and confined to his home during the period in which the appeal was to have been filed. On appeal to this Court, we reversed on the grounds that there was no independent evidence substantiating counsel's explanation for the late filing of the appeal. Unlike in *Bass,* where counsel's secretary testified regarding her illness and subsequent inability to file the appeal on time, there was no independent evidence in *Lajevic* of counsel's alleged medical emergency.

In contrast to *Bass,* and in accord with *Lajevic,* there is likewise no independent evidence in the present case to substantiate counsel's assertion that his secretary was ill and thus unable to file the appeal papers on time. According to counsel, his firm no longer employs the secretary and her whereabouts are unknown. While this explanation by counsel may be true, and was apparently accepted by the trial court, this case is nevertheless factually and legally indistinguishable from *Lajevic,* and we have no choice but to reverse the decision of the trial court.

Accordingly, the trial court's order allowing Smith to appeal *nunc pro tunc* is reversed, and the one-year suspension of Smith's driving privilege is reinstated.

### O R D E R

AND NOW, this 17th day of April, 2000, the order of the Court of Common Pleas of Allegheny County is the above-captioned matter is reversed, and the one-year suspension of Heather S. Smith's driving privilege is reinstated.

KELLEY, Judge, dissenting.

I respectfully dissent based on the dissent in *Lajevic v. Department of Trans-*

---

2. Smith also argues that, pursuant to *Stock,* her civil appeal must be granted *nunc pro tunc* even if counsel acted negligently in failing to file the appeal on time. *Stock* does not stand for such a proposition.

3. See footnote one for citation.

*portation, Bureau of Driver Licensing,* 718 A.2d 371 (Pa.Cmwlth.1998). In *Lajevic,* the trial court accepted counsel's explanation as credible that the appeal was filed late because he had become unexpectedly ill and was hospitalized and, thereafter, was confined to his home. This Court disregarded this credibility determination because the record did not contain any independent evidence to substantiate La-jevic's counsel's explanation that he was hospitalized with pneumonia and that he was incapacitated for a month. However, as pointed out by Judge Friedman in the dissent in *Lajevic,* there is no requirement that an appellant's counsel produce medical records to verify an illness and there is no indication that medical records were produced in *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). The absence of such a requirement has not changed since this Court's decision in *Lajevic.*

Herein, the trial court accepted, as credible, counsel's explanation that his secretary, whose job it was to file the appeal, was ill and absent from the office on the

day that she was to have filed the appeal. Notwithstanding this credibility determination, the majority in this case concludes that the present case is factually and legally indistinguishable from *Lajevic* and reverses the decision of the trial court. Therefore, despite counsel's credible explanation to establish that the late filing of Smith's appeal was due to non-negligent conduct, this Court ignores the fact that credibility is for the trial court to determine. However, it is precisely because the trial court is charged with making credibility determinations, the review of such which is outside this Court's limited scope of review, that I would affirm the trial court's order sustaining Smith's appeal from the one-year suspension of her operating privilege.[1]

---

1. I note that, as in *Lajevic,* the Bureau does not challenge the merits of the trial court's decision wherein the trial court found that the certified documents introduced by the Bureau to meet its burden of proof with respect to Smith's operating privilege suspension were so fatally flawed, the documents could not sustain the suspension.