IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Michael Mancini        :
                                    :
          v.                 :  No. 191 C.D. 2016
                                    :  SUBMITTED: August 19, 2016
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing,    :
               Appellant     :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE HEARTHWAY               FILED: October 19, 2016

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the January 22, 2016, order of the Court of Common Pleas of Lackawanna County (trial court) granting Robert Michael Mancini's request for *nunc pro tunc* relief and sustaining his appeal from DOT's one-year suspension of his operating privilege imposed under section 1547(b)(1) of the Vehicle Code (Code).[1]  We vacate the trial court's order and reinstate Mancini's one-year operating privilege suspension.

---

[1] 75 Pa. C.S. §1547(b)(1).  Section 1547(b)(1) of the Code authorizes DOT to suspend a person's operating privileges for refusing to submit to chemical testing.

On July 24, 2015, Mancini was arrested for driving under the influence of alcohol or a controlled substance (DUI) and refused to submit to a chemical test. On August 18, 2015, DOT notified Mancini that his operating privilege would be suspended on September 22, 2015 for a period of one year pursuant to section 1547(b)(1) of the Code due to his chemical test refusal. The notice informed Mancini that he had 30 days to file an appeal.

On September 24, 2015, Mancini appealed DOT's suspension to the trial court. The trial court held a *de novo* hearing on January 20, 2016, at which the police officer failed to appear. DOT argued that the appeal should be dismissed as untimely because Mancini appealed beyond the 30-day limit. Mancini argued that because the police officer failed to appear, there was lack of prosecution.

The trial court determined that DOT failed to meet its burden under the four-part test to suspend Mancini's license because the police officer did not testify.[2] The trial court further determined that:

> Mancini's appeal was untimely because he recently started his academic and athletic obligations at Johnson College, and he lost his paperwork. Such circumstances involved fraud and/or a breakdown in the administrative or judicial process. [DOT] suffered no

---

[2] The four-part test requires DOT to prove that the licensee: (1) was arrested for DUI by a police officer with reasonable grounds to believe the licensee was operating the vehicle while DUI; (2) was asked by the police officer to submit to a chemical test; (3) refused a chemical test; and (4) was warned that refusing the test would result in his/her license being suspended. *Osselburn v. Department of Transportation, Bureau of Driver Licensing*, 970 A.2d 534, 538 (Pa. Cmwlth. 2009).

> prejudice as a result of the untimely appeal. The untimely appeal resulted from extraordinary circumstances.
>
> Therefore, because [DOT] failed to establish that Mancini's suspension was proper and because Mancini's untimely appeal resulted from fraud and/or a breakdown in the administrative or judicial process, Mancini's request for *nunc pro tunc* relief is granted and his appeal is sustained.

(Trial Ct. Op., at 5-6.) DOT now appeals to this court.[3]

DOT contends that the trial court abused its discretion and erred as a matter of law in allowing Mancini to proceed *nunc pro tunc* where Mancini admitted that he filed his appeal late because he lost his paperwork. We agree.

Sections 5571(b) and 5572 of the Judicial Code require a licensee to file an appeal of a license suspension to the trial court within 30 days from the mailing date of the suspension. 42 Pa. C.S. §§5571(b), 5572. An appeal filed beyond 30 days is untimely and results in the trial court not having subject matter jurisdiction. *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). However, "[a] court may permit a licensee to appeal *nunc pro tunc* [when] the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process." *Ercolani v. Department of*

---

[3] Our review where "the trial court permits an untimely appeal to be filed *nunc pro tunc*, is limited to determining whether the trial court abused its discretion or committed an error of law." *Lajevic v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 371, 372 (Pa. Cmwlth. 1998).

3

*Transportation, Bureau of Driver Licensing*, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007). A claimant's negligent conduct is not an extraordinary circumstance. *Lajevic v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 371, 373 (Pa. Cmwlth. 1998).

Mancini's loss of his paperwork is not an extraordinary circumstance involving fraud or a breakdown in the administrative or judicial process, but is mere negligence. The trial court did not have subject matter jurisdiction and, therefore, lacked the authority to address the merits of Mancini's appeal.

Accordingly, we vacate the trial court's order of January 22, 2016, for lack of jurisdiction and reinstate Mancini's one-year operating privilege suspension.

_____
JULIA K. HEARTHWAY, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Michael Mancini        :
                                     :
           v.                 :   No. 191 C.D. 2016
                                     :

Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
               Appellant    :

## O R D E R

AND NOW, this 19th day of October, 2016, we hereby vacate the January 22, 2016, order of the Lackawanna County Court of Common Pleas for lack of jurisdiction and reinstate Robert Michael Mancini's one-year operating privilege suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.

_____
JULIA K. HEARTHWAY, Judge