DISSENTING OPINION BY
JUDGE COSGROVE
While I recognize the thoughtful analysis offered by the Majority, I must dissent. The question of whether permission to appeal nunc pro tunc should be granted is one which lies in equity. See Bass v. Bureau of Corrections, 485 Pa. 256, 401 A.2d 1133 (1979); see also, Schofield v. Department of Transportation, Bureau of Driver Licensing, 828 A.2d 510, 512 (Pa. Cmwlth. 2003). At its core, this is a simple matter of fairness. There is no question in this case that misleading information by a governmental entity was provided to Claimant Kenneth Greene. This information, at the very least, influenced (if not outright controlled) Claimant’s decision making process, and created an impediment to the timely filing of the appeal. Submitting the equitable question to the standard employed by the Majority places such a noose around it as to choke it of all sense of fairness. As I would reverse the decision below, I am compelled, respectfully, to dissent.