Michaels Development Company, Inc. et al. *v.* Benzinger Township Board of Supervisors. Robert J. Makufka et al., Appellants.

Argued June 4, 1979, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*David A. Whitney*, with him *Cartwright, Fernan & Whitney*, for appellants, Concerned Citizens of Benzinger Township.

*Thomas G. Wagner*, for appellee, Benzinger Township Board of Supervisors.

*Victor R. Delle Donne*, with him *Baskin and Sears*, for appellees, Michaels Development Company, Inc. and Michael J. Levitt.

Per Curiam Opinion, October 3, 1979:

Michaels Development Company, Inc. (Developer), applied to the Benzinger Township Board of Supervisors (Board) for tentative approval of a planned residential development. The application was denied and the Board filed specific findings of fact in support of its decision. The Developer then appealed to the Court of Common Pleas of the 59th Judicial District—Elk County Branch which, after hearing additional evidence, ordered the Board's decision vacated and granted tentative approval to the development

plan. An appeal from that order has been filed with this Court.

No opinion or findings of fact accompanied the order of the trial court, see Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11010, and no statement of reasons for the order has been filed with this Court. See Pa. R.A.P. 1925(a). Our scope of review in this case is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Porter Appeal,* 28 Pa. Commonwealth Ct. 415, 368 A.2d 828 (1977). Obviously, when we don't know why the trial court decided as it did, we cannot determine whether that court manifestly abused its discretion or committed an error of law.

Under the circumstances we have no alternative but to remand the case for the purpose of having the trial judge comply with the provisions of Pa. R.A.P. 1925(a), after which the case may be relisted by the parties for reargument before this Court.

## Per Curiam Order

And Now, this 3rd day of October, 1979, the Chief Clerk is directed to return the certified record to the lower court for the use of the trial judge in writing an opinion in support of the order from which this appeal is taken and the trial judge is directed to promptly comply with Pa. R.A.P. 1925.

When the trial judge's opinion is filed, the prothonotary of the lower court shall promptly return the certified record to this Court.

Appellants within twenty (20) days of the date of the return of the record to this Court may file a supplemental brief to which appellee may file a responding supplemental brief within fifteen (15) days of receiving appellants' supplemental brief.

The appeal will be listed for argument on the next available list after return of the record from the lower court or the parties may apply to the Court to have the appeal decided on the submitted briefs and supplemental briefs.

This appeal is preserved.