## CITY OF PHILADELPHIA

v.

## Edie TIRRILL and John and Jane Doe and All Known and Unknown Occupants of 4615 Penn Street, Philadelphia, PA 19124, Appellants.

Commonwealth Court of Pennsylvania.

Argued June 7, 2006.
Decided Aug. 23, 2006.

Samuel A. Di Matteo, Jr., Philadelphia, for appellants.

Elise Bruhl, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge FRIEDMAN, Judge, LEADBETTER, Judge SIMPSON, Judge, LEAVITT, Judge.

OPINION BY Judge SIMPSON.

In this matter, Edie Tirrill and others [1] (collectively, Occupants), ask this Court to determine whether they are entitled to a *nunc pro tunc*[2] or "now for then" appeal

---

1. Edie Tirrill is joined by all residents of 4615 Penn Street, Philadelphia, Pennsylvania 19124.

2. The term *"nunc pro tunc"* is Latin for "now for then" and is defined as having retroactive legal effect through a court's inherent power. Blacks Law Dictionary, 1100 (8th Ed.2004).

from an order of the Court of Common Pleas of Philadelphia County (trial court) granting an injunction. Because Occupants failed to file a prompt application, however, we deny their request.

In June 2003, the City of Philadelphia (City) filed a complaint in equity seeking to enjoin Occupants from housing a Vietnamese Potbellied Pig in their residence. The City's complaint alleged the Pig is a farm animal as defined by the City's Health Code (Code), and, therefore, is not permitted within the City unless certain conditions are satisfied. *See* Sections 10–101(8) and 10–112 of the Code.

In November 2005, following two hearings, the trial court concluded that the Pig is a "farm animal" as defined by the Code and that Occupants did not satisfy any of the conditions required to house the Pig. Thus, the trial court granted the City's request for the injunction.[3]

On January 3, 2006, 36 days after the trial court issued an order granting the injunction, Occupants' notice of appeal was filed. On its own motion, this Court dismissed the appeal as untimely by order of January 23, 2006. In response, 29 days later, Occupants filed an application for leave to appeal *nunc pro tunc* or "now for then" with this Court.

In their application, Occupants assert several illnesses within their lawyers' office caused the untimely appeal. In their brief to this Court, they explain:

[Occupants'] Counsel is a small law firm with two attorneys and two part-time secretaries. On and off throughout the month of December 2005, [t]he named [p]artner of [the Occupants' Counsel's] law office . . . was treated for an upper respiratory infection, Bronchi-

tis, [and] asthma[,] which required him to stay at home for several days at a time. [His s]ecretary was also required to miss several days in the month of December when her youngest son, was diagnosed with the croup, requiring constant supervision for a period of time. [Occupants'] Counsel, this [b]rief writer, was caused to cover hearings; meetings and other appointments due to [the named partner's] absence from the office. During this month I was also required to miss several days from the office due to a sinus infection and an upper respiratory infection. My secretary was caused to miss a large portion of the month due to complications from Leukemia and a required surgery. Due to all of these illnesses, inadvertently, the [a]ppeal was not prepared nor signed until late in the appeal period. . . . The [n]otice of [a]ppeal was docketed in [this Court] on Tuesday, January 3, 2006. The [s]tatutory [a]ppeal period began to run on November 29, 2005, and expired on December 29, 2006[sic].

Occupants' Br. at 6–7. Occupants now request relief based on the described circumstances. Occupants, however, do not offer any explanation concerning the 29–day delay in filing their application.

■ Initially, we note, appeal periods are jurisdictional and may not be extended as a matter of grace or mere indulgence; otherwise there would be no finality to judicial action. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *Olson v. Borough of* Homestead, 66 Pa.Cmwlth. 120, 443 A.2d 875 (1982). Statutory appeal periods evidence a legislative determination that the finality of court adjudications must be promoted by limiting the time within

---

**3.** From the information presented to this Court, the exact nature of the injunction is unclear. In their briefs to this Court, howev-

er, both parties acknowledge the trial court issued a permanent injunction.

which they can be questioned on appeal. *In re Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634 (1987). "Where jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief." *Robinson v. Bd. of Prob. & Parole*, 525 Pa. 505, 512, 582 A.2d 857, 860 (1990). Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review*, 125 Pa.Cmwlth. 466, 557 A.2d 839 (1989) (hand-delivery of appeal one day late is untimely).

■ Under extraordinary circumstances, however, a court may extend the appeal period by granting equitable relief in the form of a *nunc pro tunc* or "now for then" appeal. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001). Traditionally, extensions of time for filing an appeal were limited to matters involving fraud or a breakdown in the court's operations. *W. Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). In *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), our Supreme Court expanded the limited exceptions permitting this relief where non-negligent circumstances relating to either the appellant or the appellant's counsel caused the briefly untimely appeal.[4]

■ Generally, when an appellant asserts non-negligent circumstances caused an untimely appeal, due process requires a court to conduct an evidentiary hearing to allow the appellant an opportunity to prove the existence of those circumstances. *See Berger & Montague, P.C. v. Phila. Historical Comm'n*, 898 A.2d 1 (Pa.Cmwlth.2006) (when faced with the issue of timeliness of an appeal, trial court should have conducted hearing to determine when owner received notice of commission's decision); *City of Phila. v. AFSCME, Dist. Council 47*, 708 A.2d 886 (Pa.Cmwlth.1998) (the trial court erred in quashing appeal as untimely without first conducting a hearing to determine when a party received notice of the underlying award against it); *see also Hudson v. Dep't of Transp., Bureau of Driver Licensing*, 830 A.2d 594 (Pa.Cmwlth.2003). Thus, in this case the Court could remand to the trial court for a hearing on circumstances attending the untimely appeal while retaining jurisdiction. *See Michaels Dev. Co., Inc. v. Benzinger Twp. Bd. of Supervisors*, 46 Pa. Cmwlth. 337, 407 A.2d 895 (1979). *See generally* 20A G. Ronald Darlington, et al.,

**4.** Relying on *Bass*, this Court permitted appeals in several cases where the brief delay was beyond the control of the appellant or his attorney. *See Perry v. Unemployment Comp. Bd. of Review*, 74 Pa.Cmwlth. 388, 459 A.2d 1342 (1983) (three-day delay due to mechanical failure of law clerk's car en route to post office to mail petition for review); *Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriguez)*, 71 Pa.Cmwlth.566, 455 A.2d 299 (1983) (three-day delay due to sudden hospitalization of counsel). *But see Nardy v. Dep't of Transp., Bureau of Driver Licensing*, 142 Pa.Cmwlth. 388, 597 A.2d 288 (1991) (untimely appeal not permitted where delay was due to the secretary's failure to place the suspension notice in a file for immediate review). Significantly, this Court repeatedly states that these decisions were limited strictly to the unique and compelling factual circumstances presented to the Court and "they were never intended to create, as Justice Roberts warned in his dissenting opinion in *Bass*, a 'new and unnecessary layer of delay, mandating a special inquiry whenever an appeal is untimely filed.'" *Guat Gnoh Ho v. Unemployment Comp. Bd. of Review*, 106 Pa. Cmwlth. 154, 525 A.2d 874, 875 (1987) (quoting *Bass*, 485 Pa. at 263, 401 A.2d at 1137 (Roberts, J., dissenting)). *See Lajevic v. Dep't of Transp., Bureau of Driver Licensing*, 718 A.2d 371, 373 (Pa.Cmwlth.1998); *Stanton v. Dep't of Transp., Bureau of Driver Licensing*, 154 Pa.Cmwlth. 350, 623 A.2d 925 (1993).

Pennsylvania Appellate Practice § 2572:12 (2006 ed.).

■ It is troubling that Occupants did not request a hearing and that this Court did not offer them the opportunity to make a record supporting their claims. Nevertheless, we conclude a hearing relating to the circumstances surrounding the appeal is not necessary because Occupants failed to file a prompt application for relief.

■ An appellant seeking permission to file a *nunc pro tunc* or "now for then" appeal must proceed with reasonable diligence once he knows of the necessity to take action. *Schofield v. Dep't of Transp., Bureau of Driver Licensing*, 828 A.2d 510 (Pa.Cmwlth.2003). Indeed, an application must be filed within a reasonable time after the occurrence of the extraordinary circumstance. *Nixon; Amicone v. Rok*, 839 A.2d 1109 (Pa.Super.2003) (*nunc pro tunc* petition denied because it was filed four months after petitioner's notice of appeal was rejected); *see also Smith v. Dep't of Transp., Bureau of Driver Licensing*, 749 A.2d 1065 (Pa.Cmwlth.2000) (*nunc pro tunc* application denied where appeal was one day late and petitioner lacked evidence to corroborate reason for delay); *Lajevic* (*nunc pro tunc* application denied where appeal and application were filed 27 days late and petitioner lacked evidence to corroborate explanation for delay); *Stanton* (*nunc pro tunc* application denied based on an 11–day unexplained delay in filing the appeal and application).

*Amicone* is instructive. There, two days before the appeal period ended, an appellant filed an appeal to the trial court from a judgment entered by a district justice. A day after the appeal period expired, however, the prothonotary notified the appellant that the appeal was not docketed because it lacked the required attachments. Four months later, the appellant filed an application to proceed with a *nunc pro tunc* appeal, which the trial court denied. On appeal, the Superior Court determined a breakdown in the court's operation occurred because the prothonotary improperly rejected the appeal. Nevertheless, the Court affirmed the denial of appellant's application based on the unexplained four-month delay between the rejection of his appeal and the filing of his *nunc pro tunc* application.

Here, as in *Amicone*, Occupants are not entitled to relief based on the timing of their application. This Court dismissed Occupants' appeal on January 23, 2006, as untimely. Occupants filed their application to proceed *nunc pro tunc* or "now for then" on February 21, 2006, 29–days later. Occupants do not provide an explanation for the delay in filing the application. This lengthy and unexplained delay is beyond a reasonable time period in which an appellant may seek this rare relief. *Amicone*.

Accordingly, we deny Occupants' application for leave to appeal *nunc pro tunc* or "now for then." [5] As a result, this Court's

---

5. Because of our resolution of this issue, it is not necessary to fully discuss the City's other argument, that Occupants waived all issues by failing to follow post-trial practice. It is sufficient for present purposes to note that post-trial practice is required in order to preserve issues arising from a verdict relating to a permanent injunction. *Wynnewood Dev., Inc. v. Bank and Trust Co. of Old York Road*, 551 Pa. 552, 711 A.2d 1003 (1998); *Sameric Corp. of Valley Forge v. Valley Forge Center Ass'n*, 102 Pa.Cmwlth. 581, 519 A.2d 546 (1986); *see Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002) (party required to file post-trial motions following a trial court's order in both actions at law and in equity in order to preserve issues it wishes to raise on appeal). A different result obtains for preliminary and special injunctions, some of which are made immediately appealable by rule. *See* Pa. R.A.P. 311(a)(4).

Order of January 23, 2006, dismissing the appeal remains in full force and effect.

## ORDER

AND NOW, this 23rd day of August, 2006, the application for leave to appeal *nunc pro tunc* filed by Edie Tirrill and other individuals, is hereby **DENIED**, and the Order of January 23, 2006, dismissing the appeal as untimely is **CONFIRMED.**

## DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority concludes that, because Edie Tirrill and others [1] (collectively, Occupants) did not explain why they waited twenty-nine days after the dismissal of their untimely appeal to file a request for an appeal *nunc pro tunc*,[2] Occupants are not entitled to a hearing to present evidence showing that their failure to file a timely appeal was due to non-negligent circumstances. However, because this court did not give Occupants notice that the twenty-nine-day period was at issue, I see no reason why Occupants would have offered an explanation. Thus, I would allow the hearing.

This court's February 23, 2006, order directing *en banc* argument on Occupants' application for leave to appeal *nunc pro tunc* identified only one issue for consideration.

> The parties in their brief shall address the applicability of the following cases, among others, to the appellants' argument that *their appeal was belatedly filed because of the illness of counsel:*

1. *Tony Grande, Inc. v. Workers' Compensation Appeal Board (Rodriquez),* 71 Pa.Cmwlth.566, 455 A.2d 299 (1983);

2. *Lajevic v. Department of Transportation,* 718 A.2d 371 (Pa.Cmwlth.1998); and

3. *Smith v. Department of Transportation,* 749 A.2d 1065 (Pa.Cmwlth.2000).

(2/23/2006 Order) (emphasis added). Thus, the only question clearly before this court was whether Occupants were entitled to a *nunc pro tunc* appeal based on the alleged illness.[3]

Occupants complied with the February 23, 2006, order, addressing the stated question in their brief and offering an explanation for their failure to file a timely appeal. There was no reason for Occupants to address why their request for a *nunc pro tunc* appeal was filed twenty-nine days after the dismissal of their appeal. Inasmuch as this court limited the issue before the court to the alleged illness and did not require that Occupants explain the twenty-nine-day period, I would not deny them a hearing on their application for a *nunc pro tunc* appeal.

---

1. As the majority notes, Edie Tirrill is joined by all of the residents of 4615 Penn Street in Philadelphia, Pennsylvania 19124.

2. This court dismissed Occupants' appeal as untimely on January 23, 2006. Occupants filed their application for leave to appeal *nunc pro tunc* on February 21, 2006.

3. I note that in none of the above cases did this court *sua sponte* dismiss the appeal as untimely, and, unlike here, in each case the appellant was granted a hearing to present evidence.