| | | |
|---|---|---|
| Brendan Brown, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 782 C.D. 2019 |
| | : | Submitted: February 10, 2020 |
| Allegheny County Board of Property | : | |
| Assessment, Appeals and Review, | : | |
| Allegheny County, Upper St. Clair | : | |
| School District, Upper St. Clair Township | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE CROMPTON**                               FILED:  March 3, 2020

The sole issue before us on appeal is whether the Allegheny County Court of Common Pleas (Trial Court) erred in denying Brendan Brown's (Owner) request to appeal two decisions of the Allegheny County Board of Property Assessment, Appeals and Review (Board) six months after the statutory deadline.  The Board issued three decisions regarding the assessment of Owner's unimproved land, one for each parcel.  Owner timely appealed the decision as to the one parcel in which the Board increased the initial assessment; however, he neglected to appeal the Board decisions as to the two other parcels where the assessed value did not change.  Owner asserts he was misled to believe that his appeal of the assessed value of one parcel effectively appealed that of all three parcels.  The Trial Court determined Owner did not meet his burden for *nunc pro tunc* relief because he did not establish any administrative breakdown or misrepresentation.  Upon review, we affirm.

## I. Background

In 2017, Owner purchased three parcels of contiguous unimproved land located in the suburbs of Upper St. Clair Township (Township) in Upper St. Clair School District, Allegheny County, for $180,000. Owner represents that the three parcels were transferred to him on a single deed. Reproduced Record (R.R.) at 7a. Owner then received new property assessments, stating the collective value of the three parcels as $238,200. Owner appealed all three assessments to the Board, arguing the assessments should reflect the purchase price.

The Board held a combined hearing and adjudicated the assessed value of each parcel. Relevant here, the Board issued **three** separate determinations, one as to each parcel designated by parcel identification number. Nonetheless, Owner appealed only one of the three decisions by the statutory deadline, January 7, 2019. Notably, Owner's timely appeal concerned the only parcel for which the Board raised the assessed value, from $12,900 to $60,000. Owner did not appeal the Board's "no change" letter decisions as to the remaining two parcels, for which the assessed value did not change from the 2017 assessment of $120,900 and $104,400, respectively (No Change Letters).

On February 4, 2019, 28 days after electronically filing his appeal, Owner contacted the records department of the Trial Court requesting confirmation that it received his appeal. By email, the records department confirmed receipt (Confirmation Email). After contacting counsel to represent him in the appeal, Owner became aware that he did not appeal the No Change Letters.

In June 2019, six months after the statutory appeal deadline passed, Owner filed a motion to appeal the No Change Letters *nunc pro tunc* with the Trial Court. Therein, he argued that he mistakenly believed his appeal of the Board's increased assessment of one parcel effectively appealed as to the other two parcels based on the e-filing system and the Confirmation Email. Noting his *pro se* status, Owner emphasized that all three parcels were on a single deed and the Board heard all three appeals in the same hearing. The Trial Court denied Owner's motion.

Owner appealed the Trial Court's order denying *nunc pro tunc* relief to this Court. In its subsequent opinion, the Trial Court recognized Owner did not identify any administrative breakdown, fraud or misrepresentation as a cause for his delay in appealing the No Change Letters. *See* Tr. Ct., Slip Op., 6/25/19, at 3. Rather, Owner's delay is attributable to his mistaken belief regarding the legal effect of his single timely appeal. After briefing, the matter is ready for disposition.[1]

## II. Discussion

On appeal,[2] Owner asserts that the Trial Court's electronic filing system should have informed him that his single appeal did not apply to all three parcels. He also claims the Trial Court erred when it did not deem the Confirmation Email misleading.

---

[1] Owner filed a brief, and the Upper St. Clair School District filed a brief in which Allegheny County joined. The Township and the Board failed to file briefs.

[2] Our review of the propriety of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion or committed an error of law. *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 583 (Pa. 2000). Our Supreme Court defines an abuse of discretion as "not merely an error of judgment." *Kelly v. Cty. of Allegheny*, 546 A.2d 608, 610 (Pa. 1988).

3

Requests to file an untimely appeal are granted in limited circumstances. Generally, *nunc pro tunc* relief is reserved for those cases when the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process.[3] *J.C. v. Dep't of Pub. Welfare*, 720 A.2d 193 (Pa. Cmwlth. 1998). An administrative breakdown occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Elec. Corp. v. Allegheny Cty. Bd. of Prop. Assessment, Appeals & Review*, 746 A.2d 581, 584 (Pa. 2000).

Importantly, as the appellant, Owner bears the burden of establishing that extraordinary circumstances, like fraud or administrative breakdown, occurred to warrant relief from the appeal deadline. *J.C.*, 720 A.2d at 197. The Trial Court concluded Owner failed to assert such circumstances for his delay. We agree.

In the instant case, Owner states two grounds for permitting his appeals of the No Change Letters out of time. One, he contends the Trial Court's e-filing system failed. *See* Appellant's Br. at 13-14. Two, he asserts the confirmation of receipt was "unintentionally" misleading as it led him to believe that his appeal was received. *Id.* at 7. We discern no merit in Owner's proffered grounds for relief.

---

[3] However, as an exception to the general rule, when an appellant establishes non-negligent circumstances prevented his timely appeal, *nunc pro tunc* relief may also be appropriate. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). Our Supreme Court emphasizes, "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Id.* at 1160. To warrant *nunc pro tunc* relief based on non-negligent circumstances, an appellant must prove his late filing was caused by circumstances beyond his control, he filed the appeal shortly after the appeal deadline, and the appellee was not prejudiced by the delay. *Id.*

First, as to the e-filing system, Owner fails to specify any aspect of the e-filing that indicated his single appeal of the increased assessment on one parcel had the effect of appealing the No Change Letters as to the other two parcels. Instead, he asserts the e-filing system is deficient because it did not explain the legal effect of filing his appeal.[4]

Second, although Owner refers to the failure of the e-filing system, he identifies nothing on the e-filing interface that caused his mistaken belief that a single appeal of one disposition served as an appeal as to all three dispositions. His purported belief that one appeal would suffice is inconsistent with the fact that the Board issued *three* separate dispositions, each containing instructions and a deadline for appeal. R.R. at 10a-13a.

The content of the timely appeal does not indicate that the appeal pertains to the other two parcels for which the assessed value remained unchanged. Owner made no mention of the other two parcels either by identification number or reference to "no change" in assessed value.

Owner's decision to file an assessment appeal without consulting counsel when he had no experience with the e-filing process is not a flaw in the system. Rather, his error is attributable to his own ignorance. *See Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838 (Pa. Cmwlth. 2017).

---

[4] Owner identifies the failure in the e-filing system as follows: "the [records department] E-filing System could prevent such happenings by providing clear, conspicuous instructions that, notwithstanding the nature and conduct of the hearings before the [Board], each parcel of land is subject to its own, separate proceeding and requires its own, separate filing even where multiple parcels are acquired as part of a single transaction." Appellant's Br. at 13-14.

Owner's contention that the Confirmation Email noting receipt of his timely appeal on January 4, 2019, "unintentionally" misled him to believe his appeal was accepted as to all three parcels is equally unavailing. Appellant's Br. at 7.

First, the alleged misrepresentation or breakdown in the system occurred 35 days *after* the appeal deadline passed. As such, the purported misrepresentation by court officials or breakdown in the administrative system did not cause Owner's delay in appealing the No Change Letters. We agree with the Trial Court that a court official's confirmation of acceptance of his appeal, using the case number Owner provided, did not amount to a misrepresentation that lulled him into believing his one case number applied to all three parcels.

Second, as the Trial Court noted, the Confirmation Email that Owner blames for his mistake does not contain a misrepresentation. R.R. at 13a. It merely responds to Owner's request, stating in full: "This case was accepted on 01/04/201[9] here is a copy of the email that was sent." *Id.*

Third, the content of the timely appeal belies Owner's claim that he believed the appeal as to one parcel's increased assessment also applied to the two parcels for which the value did not change. The timely appeal identified the "Property" to which it applied as "668K50," the parcel identification number for one parcel. R.R. at 3a. Owner did not refer to the other parcels by identification number, or otherwise identify or attempt to include the other two parcels as part of the appeal.

Regardless, Owner took no action to remedy the situation until almost six months beyond the statutory appeal deadline. This does not reflect the diligence necessary to warrant acceptance of an untimely appeal. *See City of Phila. v. Tirrill*, 906 A.2d 663 (Pa. Cmwlth. 2006) (filing appeal 29 days after the statutory appeal deadline constituted an unreasonable delay). Indeed, "[a]n appellant seeking permission to file a *nunc pro tunc* or 'now for then' appeal must proceed with reasonable diligence once he knows of the necessity to take action." *Id.* at 667.

Here, Owner offered no explanation or excuse for his several-month delay following the discovery of his mistake. This delay in seeking *nunc pro tunc* relief is not within a reasonable time of the alleged breakdown in proceedings, *i.e.*, e-filing or the alleged misleading Confirmation Email. For this additional reason, we discern no abuse of discretion or error by the Trial Court in denying Owner's motion for *nunc pro tunc* relief.[5]

### III. Conclusion

Because Owner's failure to file appeals of the No Change Letters was due to his own actions and not a breakdown in the administrative or court process, the Trial Court's denial of *nunc pro tunc* relief was appropriate. Accordingly, for these and the above reasons, the order of the Trial Court is affirmed.

_____
J. ANDREW CROMPTON, Judge

---

[5] Although Owner also argues that no prejudice would result from permitting his late filing, Appellant's Brief at 15, the lack of prejudice to an opposing party is not relevant to disposition of requests for relief based on an administrative breakdown. *Criss*. We similarly reject his contention, for which Owner cites no legal authority, that this Court should reverse the Trial Court so his untimely appeals may be heard with his timely one based on their purported indispensability to assessing fair market value. *See* Appellant's Br. at 15-16.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brendan Brown,                                          :
                        Appellant          :
                                         :
                  v.                      :          No. 782 C.D. 2019
                                         :
Allegheny County Board of Property      :
Assessment, Appeals and Review,          :
Allegheny County, Upper St. Clair          :
School District, Upper St. Clair Township   :

## O R D E R

      **AND NOW**, this   3rd   day of   March   2020, the order of the

Allegheny County Court of Common Pleas is AFFIRMED.


                                     _____

                                     J. ANDREW CROMPTON, Judge