IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Owens,                                :
                     Appellant                 :
                                               :
          v.                                   :
                                               :
                                               :   No. 1363 C.D. 2019
City of Farrell's City Counsel, et al.         :   Submitted: March 6, 2020


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  April 17, 2020


          Lawrence Owens (Owens) appeals pro se from the Mercer County Common Pleas Court's (trial court) June 6, 2019 order denying as moot his request for a rule to show cause and terminating the matter.  The sole issue before this Court is whether Owens filed a timely appeal.[1]  After review, we quash the appeal.


**Background**

          By July 27, 2016 letter, the City of Farrell (Farrell) Zoning Officer Mark Yerskey notified Owens that his commercial use of his residential garage violated Article 4, Section 402 of Farrell's Zoning Ordinance, No. 0-15-2016, and that any further violations would be subject to Farrell's citation proceeding (July 27, 2016

---

[1] Owens has not complied with Pennsylvania Rule of Appellate Procedure 2111 in the filing of his brief.  Specifically, Owens' brief does not contain a "statement of both the scope of review and the standard of review[,]" "a statement of the questions involved[,]" nor "a summary of the argument."  Pa.R.A.P. 2111(a)(3), (4), (6).  As the timeliness of his appeal is dispositive, Owens' omissions do not prohibit this Court's review.

Notice).  *See* Original Record (O.R.) Item 2 (Complaint) Attachment at 1.  On August 11, 2016, Owens filed a pro se complaint (Complaint) against Farrell's City Counsel, Police Department and Zoning Officers (collectively, Defendants) seeking an injunction against Defendants "from enforcing [Farrell's] discriminatory and illegal attempt to control his property."  O.R. Item 2 (Complaint) at 1.  On August 11, 2016, the trial court quashed the Complaint[2] "on the basis [that] there is no controversy before the [trial c]ourt."  O.R. Item 5 (Trial Ct. August 11, 2016 Order).  On August 22, 2016, Owens filed Objections[3] and Motion for Protective Order (Motion) stating therein: "[Owens] objects to the order filed August 12th, 2016[4] and requests protection."  O.R. Item 6 (Motion) at 2.  On August 24, 2016, the trial court denied Owens' Motion as moot.  On October 11, 2016, Owens filed an Amendment to his Motion (Amended Motion) seeking a restraining order against the Farrell Police Department after it responded to a noise complaint at his residence which Owens alleged was in retaliation for filing his Complaint.  On October 13, 2016, the trial court denied the Amended Motion as moot.

**Facts**

On April 11, 2019, the trial court issued an order pursuant to Pennsylvania Rule of Judicial Administration No. 1901[5] giving the parties 30 days to

---

[2] In its Order, the trial court referred to the Complaint as an appeal and stated therein that the July 27, 2016 Notice did not constitute government action.  Thus, it can be inferred that the trial court treated the Complaint as an appeal from the July 27, 2016 Notice.

[3] Essentially, Owens alleged that the trial court judge was biased and because his Pennsylvania and United States constitutional rights were violated, there was a controversy.

[4] The trial court's August 11, 2016 order was filed on August 12, 2016.

[5] Pennsylvania Rule of Judicial Administration No. 1901(a) provides:

> It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system.  Where a matter has been inactive for an unreasonable period of time, the

2

request a hearing showing cause why the matter should not be dismissed as inactive. On May 9, 2019, Owens filed a Request to Show Cause. On June 6, 2019, the trial court held a hearing and terminated the action because the underlying matter was decided on August 11, 2016, and no timely appeal was taken therefrom. On July 15, 2019, Owens appealed to the Pennsylvania Superior Court, which transferred the appeal to this Court. On July 17, 2019, the trial court directed Owens to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Owens filed his Rule 1925(b) Statement on August 6, 2019. The trial court filed its opinion in accordance with Rule 1925(a) on September 9, 2019.

## Discussion

"Initially, . . . appeal periods are jurisdictional and may not be extended as a matter of grace or mere indulgence; otherwise there would be no finality to judicial action. *Nixon v. Nixon*, . . . 198 A. 154 ([Pa.] 1938); *Olson v. Borough of Homestead*, . . . 443 A.2d 875 ([Pa. Cmwlth.] 1982)." *City of Phila. v. Tirrill*, 906 A.2d 663, 665 (Pa. Cmwlth. 2006). "Therefore, an appeal filed one day after the expiration of the [] appeal period must be dismissed as untimely. *Moss v. Unemployment Comp. Bd. of Review*, . . . 557 A.2d 839 ([Pa. Cmwlth.] 1989) (hand-delivery of appeal one day late is untimely)." *Tirrill*, 906 A.2d at 666. Rule 903(a) specifies, in relevant part, that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

---

tribunal, on its own motion, shall enter an appropriate order terminating the matter.

Pa.R.J.A. No. 1901(a).

Here, the trial court entered its termination order on June 6, 2019.  Under Rule 903(a), Owens had until July 8, 2019 to appeal therefrom.[6]  Owens filed his appeal to the Pennsylvania Superior Court on July 15, 2019.  Because Owens' appeal was not timely filed, this Court is precluded from deciding the matter.  Accordingly, Owens' appeal is quashed.

_____
ANNE E. COVEY, Judge

---

[6] Owens had until July 8, 2019, to file his appeal because July 6, 2019, was a Saturday.

4

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Owens,

        Appellant         :

        v.            :

            :   No. 1363 C.D. 2019

City of Farrell's City Counsel, et al.  :

## O R D E R

AND NOW, this 17th day of April, 2020, Lawrence Owens' appeal from the Mercer County Common Pleas Court's June 6, 2019 order is quashed as untimely.

_____

ANNE E. COVEY, Judge