IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Napier                     :
                                   :
          v.                : No. 648 C.D. 2021
                                   : Submitted: February 10, 2023
Commonwealth of Pennsylvania, :
Department of Transportation,   :
Bureau of Driver Licensing,     :
                                   :
              Appellant   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: June 22, 2023

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals the order of the Delaware County Court of Common Pleas (trial court) that sustained the *nunc pro tunc* appeal of Stephen Napier (Licensee) and restored Licensee's operating privilege from the one-year suspension that DOT had imposed under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. §1547(b)(1)(i).[1]  We affirm.

---

[1] Section 1547, commonly referred to as the Implied Consent Law, requires DOT to suspend the driving privilege of a licensee for 12 months as a consequence of the licensee's refusal to submit to chemical testing where the licensee was placed under arrest for a violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence of alcohol or controlled substance (DUI)).

By Official Notice mailed on January 10, 2020, DOT informed Licensee of the one-year suspension of his operating privilege under Section 1547(b)(1)(i), based on his refusal to submit to chemical testing. *See* Reproduced Record (RR) at 13a- 15a. The Official Notice specifically advised Licensee that he had a right to appeal the suspension to the trial court "within 30 days of the mail date, JANUARY 10, 2020, of this letter." *Id.* at 15a. On March 12, 2020, Licensee filed an untimely appeal of DOT's suspension, seeking *nunc pro tunc* relief. *Id.* at 4a.

On September 17, 2020, the trial court conducted a hearing on Licensee's untimely appeal in which Licensee's counsel elicited the following relevant testimony from Licensee on direct examination:

> Q . . . And you were charged with a DUI in Delaware County, is that correct?
> A Yes.
>
> Q And you received a letter from [DOT] thereafter suggesting that you had refused the chemical test, is that correct?
> A Yes.
>
> Q And do you recall coming into my office and retaining me for the criminal case on January 13th?
> A Yes.
>
> Q And when I say the criminal case I mean the underlying DUI, correct?
> A Correct.
>
> *Q And on January 13th, you believed you had retained me to handle the criminal case and file the appeal for the [DOT] suspension in this case for the refusal, is that correct?*
> *A Correct.*

Q    But at that point you hadn't made the payment yet for that refusal?
A    Correct.

Q    In fact, you just made the last payment on August 17th?
A    Yes.

*Q    But you were under the understanding that at the time that you came in that we would be filing everything despite the fact that you hadn't paid for it yet, correct?*
*A    Correct.*

Q    And you contacted us in March when you got a letter saying that you had been suspended, is that correct?
A    Correct.

Q    And came into our office to show it to me?
A    Yes.

*Q    And we then explained to you what had happened with your misunderstanding as to our representation agreement, correct?*
*A    Yes.*

Q    And as far as you know, we then filed it the next day on your behalf?
A    Yes.

Q    And we filed the *nunc pro tunc* [appeal,] which is why we are here today?
A    Correct.

RR at 24a-26a (emphasis added).[2]

---

[2] *See also* RR at 28a, wherein Licensee's Counsel and DOT's Counsel stated on the record:

[Licensee's Counsel]:  We will stipulate that he walked into our office January 13th with the letter.

[DOT's Counsel]:  So he had the notice of suspension on January 13?

**(Footnote continued on next page…)**

At the close of the hearing, Licensee's counsel made the following argument in support of the trial court's grant of *nunc pro tunc* relief:

> [Counsel]: Your Honor, I just think it is a prejudice against my client at this point to deny the *nunc pro tunc* [relief]. It was a misunderstanding to the funds and what he believed he was paying for. He had hired us for the DUI thinking that he had hired us. He came in the minute he got the letter stating that he had missed that date. He came in and at that point, despite not having been paid for it until two weeks ago, we filed it the very next day back in March[,] the day after he came in[,] based on the misunderstanding. So I think he did everything he could to get under the date. It was just a misunderstanding as to how the legal contract read.

RR at 28a-29a.

At the conclusion of the hearing, the trial court granted Licensee's request for *nunc pro tunc* relief. RR at 29a. Ultimately, following a hearing on the merits, the trial court sustained Licensee's *nunc pro tunc* appeal, and restored his operating privilege from the one-year suspension that DOT had imposed. *See id.* at 41a. Thereafter, DOT filed the instant timely appeal of the trial court's order.

The sole claim that DOT raises in this appeal is that the trial court erred in granting Licensee's request for *nunc pro tunc* relief. We do not agree.[3]

Licensee had 30 days from the mailing date of the Official Notice to file an appeal in the trial court. *See* Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b) ("[A]n appeal from a tribunal or other government unit to a court or from

---

[Licensee's Counsel]: Correct.

[3]"Where the trial court permits an untimely appeal to be filed *nunc pro tunc*, our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Smith v. Department of Transportation, Bureau of Driver Licensing*, 749 A.2d 1065, 1066 n.1 (Pa. Cmwlth. 2000) (citation omitted).

a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."); Section 5572 of the Judicial Code, 42 Pa. C.S. §5572 ("The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter."). Indeed, as the Court has observed:

> Pursuant to Sections 5571(b) and 5572 of the Judicial Code, a motorist has 30 days from the mailing date of [DOT's] notice of suspension to file an appeal with the trial court. "Appeals filed beyond the 30–day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals."
>
> Further, statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.

*Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003) (citations and footnotes omitted).

Nevertheless, as the Pennsylvania Supreme Court has explained:

> Even when a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Commonwealth v. Stock*, [679 A.2d 760, 763-64 (Pa. 1996)]. Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard*, [333 A.2d 909, 912 (Pa. 1975),] (the time for taking an appeal will not be extended

5

as a matter of grace or mere indulgence). In *Bass v. Commonwealth Bureau of Corrections*, [401 A.2d 1133 (Pa. 1979)], however, this Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id.* at 1135. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.[4] *See id.* at 1135-36 (allowing appellant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); *see also Cook v. Unemployment Comp[ensation] B[oard] of Review*, [671 A.2d 1130, 1132 (Pa. 1996)] (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

*Criss v. Wise*, 781 A.2d 1156, 1159-60 (Pa. 2001).

Licensee's testimony in this matter demonstrates that he went to confer with and retain Counsel on the day that he received DOT's Official Notice of his license suspension, a mere three days after it had been mailed to him. Licensee testified that he believed that he had engaged Counsel to represent him[5] in both the

---

[4] DOT does not assert that Licensee did not file the appeal shortly after he became aware of the omission of its filing, or that it has been prejudiced by the delay in the filing.

[5] In fact, courts will find an attorney/client relationship even in the absence of an express representation agreement. *See, e.g.*, *Bitter Sweet Properties, LP v. The City of Farrell* (Pa. Cmwlth., No. 1640 C.D. 2016, filed October 20, 2017), slip op. at 13-14 ("Absent an express contract, an implied attorney/client relationship will be found if 1) the purported client sought **(Footnote continued on next page…)**

6

underlying criminal DUI proceedings and the license suspension under Section 1547 on January 13, 2020. Licensee's misunderstanding of the scope of the express terms of the representation agreement that he had executed with Counsel, and his reasonable assumption that Counsel would perfect a timely appeal of the Official Notice following their meeting on January 13, 2020,[6] constitute a unique and proper non-negligent basis upon which the trial court could grant *nunc pro tunc* relief. *See Bass*, 401 A.2d at 1135 ("In this case, however, we are presented with a non-negligent failure to file a timely appeal after the client had made a decision to appeal. . . . Therefore, at least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court.").[7]

_____

advice or assistance from the attorney; 2) the advice sought was within the attorney's professional competence; 3) the attorney expressly or impliedly agreed to render such assistance; and 4) it is reasonable for the putative client to believe the attorney was representing him. *Atkinson v. Haug*, 622 A.2d 983, 986 (Pa. Super. 1993).").

[6] It is on these bases that the instant matter may be distinguished from the precedent that DOT cites. In the instant case, Licensee received DOT's Official Notice; understood the necessity of filing an appeal within 30 days; and acted expeditiously by retaining Counsel to timely file an appeal. That Licensee failed to comprehend the express terms of the representation agreement cannot be attributed to his "negligence." *See, e.g.*, *Lefta Associates v. Hurley*, 902 F. Supp. 2d 559, 581 (M.D. Pa. 2012) ("It is the reasonableness of the client's belief that the attorney is providing legal services pursuant to an attorney-client relationship that controls this issue, not the attorney's own belief. [*Capital Care Corp. v. Hunt*, 847 A.2d 75, 83 (Pa. Super. 2004)]."); *see also Nonrefundable Retainers Revisited*, 72 N.C. L.Rev. 1, 29 (1993) ("As a fiduciary for his client, however, a lawyer–in fee arrangements and otherwise–is held to a 'fairness-in-fact' standard, which is a higher, more exacting, and less self-interested standard than is applied to commercial parties in free market transactions.").

[7] *But cf. Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 601-02 (Pa. Cmwlth. 2015), wherein this Court stated:

> Regardless of [the l]icensee's misunderstanding of the [Official N]otice, this Court recognizes that the appeal provision in the notice of suspension "unequivocally indicates that [l]icensee had 'the right

**(Footnote continued on next page…)**

7

As a result, the trial court did not err as a matter of law or abuse its discretion in granting Licensee's request for *nunc pro tunc* relief, and such determination is supported by substantial, competent evidence.

Accordingly, the trial court's order is affirmed.[8]

_____
MICHAEL H. WOJCIK, Judge

_____

to appeal this action to the [trial court] within 30 days of the mail date . . . .'" Moreover, the 30-day period to appeal is established by statute; therefore, [the l]icensee must be charged with knowledge of that information. [(Citations and footnote omitted.)]

[8] It is well settled that this Court may affirm the trial court's order sustaining Licensee's appeal on any basis appearing in the record. *Conrad v. Department of Transportation, Bureau of Driver Licensing*, 226 A.3d 1045, 1057 (Pa. Cmwlth. 2020).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen Napier | : | |
| | : | |
| v. | : | No. 648 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 22<u>nd</u> day of <u>June</u>, 2023, the order of the Delaware
County Court of Common Pleas dated May 25, 2021, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge