**Leighton Appeal**

*Albert J. Blackman, Jr.,* for appellants.
*Martin J. King* and *John Diefeiden,* for appellees.

KELTON, *J.,* May 1, 1981—Appellants filed a real estate tax assessment appeal with us on December 11, 1980, 50 days after the Bucks County Board of Assessment Appeals entered its order on their appeal to that board. Before us for decision, therefore, is a question which is extremely narrow and technical and which in one aspect thereof is limited in its effect to taxpayers owning real property in Bucks County.

The basic issue is whether a taxpayer who is aggrieved by an unfavorable decision of the Bucks County Board of Assessment Appeals (board) must file an appeal with this court within 30 days after the Board's decision as mandated by the former Third Class County Assessment Law,[1] and by the Judicial Code[2] or whether the time limit is 60 days as mandated by The Fourth to Eighth Class County Assessment Law.[3]

---

1. Act of June 26, 1931, P.L. 1379, sec. 9, 72 P.S. §5350; but see Judiciary Act Repealer Act of April 28, 1978, P.L. 202, sec. 2(a)[1131], 42 P.S. §20002[1131], and 1967, 1968 and 1969, amendments cited in 72 P.S. §5350.

2. 42 Pa.C.S.A. §5571(b).

3. Act of May 21, 1943, P.L. 571, 72 P.S. §§5453.101-5453.706.

We hold that the proper appeal time in Bucks County is 60 days as authorized by section 704 of The Fourth to Eighth Class County Assessment Law: 72 P.S. §5453.704 (hereafter section 704).

Prior to the June 28, 1978 effective date of the Judicial Code, Judge Rogers of the Commonwealth Court had held that section 704, which, inter alia, allows 60 days for court appeals, applies to Bucks County tax cases. See Appeal of Cabot 95 Trust, 27 Pa. Commonwealth Ct. 214, 215, 219-220, 365 A. 2d 1332 (1976).

Although the legal issue in Cabot involved the duty of a trial judge to determine the uniformity ratio and "direct the application of the ratio so found to the value of the property," while the issue herein is whether an appeal may be filed "within 60 days after the board entered its order," both of these quoted provisions come from the same sentence of the same section of the same act.

We conclude that because section 704 dictates the valuation standards which a court must apply *after* an appeal has been filed, the section should also dictate the time allowed for a litigant to get the case before the court in the first place. One portion of the sentence applies to procedures to be followed by an appellant, the other to procedures to be applied by the court following the same appeals.

As noted in Cabot, Bucks County (which, to the best of our knowledge, is the only county in the state to be advanced from fifth to third class by the 1960 census) has been mandated by the Act of September 19, 1961, P.L. 1509, sec. 1, 72 P.S. §5347(b), to operate a "tax assessment system" under The Fourth to Eighth Class County Act. The factual background surrounding this legislation is described in some detail in United States Steel Corporation v. Bucks County Board of Assessment, 14

Bucks 397, 419-420 (1964), modified and re-manded, 422 Pa. 463, 466, fn. 1, 223 A. 2d 92, fn. 1 (1966), in Thomas B. Stockham, Inc. v. Bucks County Board of Assessment and Revision of Taxes, 13 Bucks 408, 412 (1963) (pre-1962 assessment), and in Profy v. Bucks County Board of Assessment and Revision of Taxes, 15 Bucks 99, 102, 104 (1965) (post-1962 assessment).

As indicated by those cases and many others, Bucks County's assessment history prior to the enactment of the Act of September 19, 1961, 72 P.S. § 5347(b), was that a complete assessment program involving the uniform reevaluation of over 110,000 properties had been completed at great expense while Bucks was still a fifth class county and while an enormous amount of assessment appeals were then pending before the court and the board. When the 1960 census required that Bucks' status change to a third class county in January 1962, it became apparent that the entire assessment valuation and appeals program might be in jeopardy. Matters potentially affected included the county's prior use of outside consultant's appraisals and the blanket approval thereof by an appointed Chief Assessor; the making of assessments without using the third class county's mandated system of subordinate assessors; the determination and preservation of uniformity ratios both before and after court appeals; the use of the pre-1962 calendars for publishing assessment rolls, holding appeal hearings and filing appeals; the application of machinery exemptions to the assembled industrial plant doctinre; and the use of the county's consulting appraiser's cost charts and records to support the county's evaluations in the face of substantive challenges as to the propriety of the use of reproduction costs in

assessment cases. The 1961 act was intended to preserve the entire assessment system, not merely the cost charts.

The board argues that appellants are restricted to the 30 day period now prescribed by the Judicial Code, 42 Pa.C.S.A. § 5571(b). That section provides: "Except as otherwise provided . . . [by other sections not here applicable] an appeal from a . . . government unit to a court . . . shall be commenced within 30 days after the entry of the order from which the appeal is taken. . . ."

Although this provision may now be applicable to other third class counties, because of the specific repeal of the Act of June 26, 1931, P.L. 1379, 72 P.S. § 5350, by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a)[1131] (JARA), our research indicates that there was no similar specific repealer of section 704 of The Fourth to Eighth Class Act. In fact, section 704 of that act was amended after JARA by other legislation enacted at the same General Assembly, the Act of October 5, 1978, P.L. 1138, sec. 5, 72 P.S. § 5453.704, with an additional paragraph being added to section 704 and without a deletion of the 60 day appeal time.

The board argues, however, that although section 704 was not *specifically* repealed it was repealed by the *general* JARA repealer provision found at 42 P.S. § 20002(f) which reads: "All acts and parts of acts heretofore enacted are hereby repealed insofar as such acts *vest jurisdiction* in any court or district justice in addition to or in any manner inconsistent with the *jurisdiction provided by Title 42* of the Pennsylvania Consolidated Statutes, as amended hereby." (Emphasis supplied.)

In our opinion, the word "jurisdiction" as used in this context refers to the expressly labelled jurisdiction sections found in the Judicial Code at 42 Pa.C.S.A. §§ 721-726 (Supreme Court), 741-742 (Superior Court), 761-764 (Commonwealth Court, 931-934 (Common Pleas Courts), and 1515 (District Justices), and was not intended to refer to the general appeals provisions of section 5571. It would be intolerably unfair to require average Pennsylvania citizens or even their counsel to cut their way through the foregoing legislative and judicial jungles in order to ascertain that a 60 day appeal time which clearly appears on the face of an apparently applicable statute has been repealed in such a roundabout way by JARA and by the code. We, therefore, decline to hold that the code was "intended as a substitute" for section 704. Compare Cedarbrook Realty, Inc. v. Nahill, 484 Pa. 441, 458-9, 399 A. 2d 374, 381-2 (1979) (two statutes not necessarily irreconcilable), and the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1971(a).

One further comment by way of dicta. Even if we were to hold that the 30 day deadline applied to all future taxpayers, we would decline to apply it to these taxpayers on this appeal. The board's counsel with some understatement has candidly stated:

"The . . . Board . . . does concur, that in the past, there has been uncertainty among legal counsel for appellants and . . . [the] Board . . . respecting the applicable procedures to be followed . . ."

The School District counsel agrees that the issue is ". . . a matter of arcana" in which board solicitors have seen fit to "pick and choose . . . the best parts of each [statute] as if from a bag of clothes to fit the occasion." Therefore, had it been necessary to apply a 30 day deadline to the first taxpayers who

had been challenged by the board's counsel on a 30 day deadline issue, we certainly would have allowed a petition for a nunc pro tunc appeal. See Bass v. Com., 485 Pa. 256, 401 A. 2d 1133 (1979).

## ORDER

And now, May 1, 1981, the motion to quash appellants' appeal is hereby denied and the rule to show cause previously entered is discharged.