# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Jones,               :
          Appellant      :
                           :
          v.             :    No. 387 C.D. 2023
                           :    Submitted: June 7, 2024
Superintendent of SCI Benner   :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE MATTHEW S. WOLF**, Judge
                    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: July 23, 2024**

Shawn Jones, pro se, seeks to appeal *nunc pro tunc* from an Order of the Court of Common Pleas of Lancaster County (trial court) dated October 27, 2022, and entered October 28, 2022, denying his Petition for Writ of Habeas Corpus (Petition), filed against the Superintendent of State Correctional Institution (SCI) Benner (Superintendent), as frivolous. Jones argues the Order was mailed to the wrong person several times, warranting *nunc pro tunc* relief. Jones also makes numerous other arguments purportedly related to the merits of his appeal. Upon careful review, we deny *nunc pro tunc* relief and quash the appeal.

Jones initiated this action in the trial court by filing his Petition. Therein, Jones alleged that following his conviction, "his status changed" based upon a policy by the Department of Corrections prohibiting pornography by mail, which violates his constitutional rights. (Petition ¶ 1, Original Record (O.R.) Item 2.) As relief, Jones sought dismissal of all charges with prejudice, release from custody, and

expungement of all records. (*Id.* ¶ 3, Wherefore Clause.) Jones filed an application to proceed *in forma pauperis* (IFP) with his Petition, which the trial court approved by writing "IFP Status Approved," the date, and signing the application instead of issuing a separate order. (O.R. Item 1.) According to the docket entries, the matter was then assigned to another judge.

In October 2022, Jones sent a letter to the trial court inquiring as to the status of his case. (O.R. Item 3.) Subsequently, the trial court issued the Order from which Jones seeks to appeal. (O.R. Item 4.) Therein, the trial court denied the Petition, explaining it was frivolous because Jones failed to state a claim. (*Id.*) The trial court stated that Jones "appears to argue that because he is unable to receive mail that is explicit in nature, . . . he is therefore being falsely imprisoned under Pennsylvania criminal law." (*Id.* at n.1 (citation omitted).)

Thereafter, Jones filed a "Petition for Reconsideration and Fraud by Court and Staff" which was dated November 8, 2022, and was received and docketed by the trial court on November 23, 2022. (O.R. Item 6.) Therein, Jones sought reconsideration of the Order denying the Petition alleging, among other things, he never received a copy of the trial court's order granting him IFP status and instead he only received a copy of the first page of his IFP application marked "Approved 7-1-22." (*Id.* ¶¶ 1-2.) The trial court denied the reconsideration request by order entered December 2, 2022. (O.R. Item 7.)

Jones then filed a "Motion to Dismiss for Want of Jurisdiction for Violation of Coordinate Jurisdiction Rule Want of Compliance with Rule 240" (Motion to Dismiss), which was received and docketed by the trial court on December 5, 2022. (O.R. Item 8.) In the Motion to Dismiss, Jones avers he received the Order

2

dismissing his Petition on November 28, 2022.[1] (*Id.* ¶ 1.) Jones also repeats his averments that he never received an order granting him IFP status and that the subsequent dismissal of his Petition by another judge violates the coordinate jurisdiction rule. (*Id.* ¶¶ 3-4, 6-7.) As relief, he requests the Order be vacated. (*Id.*, Wherefore Clause.) The trial court denied the Motion to Dismiss as moot by order exited December 12, 2022. (O.R. Item 9.)

In a letter dated December 28, 2022, and docketed January 3, 2023, from Jones to the Prothonotary of the trial court, Jones reiterates he never received an order granting him IFP status.[2] (O.R. Item 11.) It further states: "Your letter has mailing date of 12-20-22 you sent Judge Brown's order denying me relief on Oct. 27th 2022 over a month later effectively denying my right to appeal in turn. . . ." (*Id.*)

Jones filed his *Nunc Pro Tunc* Notice of Appeal, which was docketed by the trial court on January 23, 2023. The Superior Court, upon motion by Jones, transferred the appeal to this Court by order filed March 17, 2023. By order dated July 20, 2023, the parties were directed to address the timeliness of the appeal in their principal briefs on the merits.[3]

In his brief, the only argument Jones makes as to the timeliness of his appeal is that his "[P]etition was delayed process for filing notice of appeal because the Prothonotary mailed final order to wrong person several times. When [Jones] learned of the error he appealed *nunc pro tunc*." (Brief at 6.) Jones points to nothing

---

[1] The Court notes this date is obviously wrong, as Jones's motion seeking reconsideration of the Order was dated November 8, 2022, and received by the trial court on November 23, 2022.

[2] While Jones repeatedly complains that he did not receive an order granting him IFP status, the lack of such an order has no bearing on the merits of this appeal.

[3] As the matter was dismissed by the trial court prior to service, Superintendent filed a Notice of Non-Participation in this appeal.

to support this allegation and instead makes several other statements purportedly in support of the merits of his appeal.

Before we can reach the merits, we must first determine whether Jones is entitled to *nunc pro tunc* relief. That is because "[t]ardy filings go to the jurisdiction of the tribunal to entertain a cause[,]" and "[j]urisdiction is the predicate upon which a consideration of the merits must rest." *Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990).

Generally, a notice of appeal must be filed within "30 days after the entry of the order from which the appeal is taken." Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 903(a). While Rule 105(b) of the Pennsylvania Rules of Appellate Procedure allows an appellate court to enlarge the time prescribed by the rules or an order for doing any act upon a showing of good cause, it explicitly states a "court may not enlarge the time for filing a notice of appeal[.]" Pa.R.A.P. 105(b).

Our Supreme Court has cautioned that "[i]n order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). The deadline for filing "an appeal cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth of Pennsylvania*, 401 A.2d 1133, 1135 (Pa. 1979).

There are, however, limited circumstances in which an untimely appeal may be considered. *Id. Nunc pro tunc* relief is a form of equitable relief that is available only "in certain extraordinary circumstances." *Criss*, 781 A.2d at 1159. Allowable exceptions include cases involving fraud, a breakdown in the court's process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the

4

controversy would necessarily be minimal." *Bass*, 401 A.2d at 1135-36. "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

It appears Jones is seeking to proceed under an allegation of either fraud or breakdown in the court process, claiming the trial court sent the Order to the wrong person and, as a result, he did not receive it to file a timely appeal. A review of the record, however, including Jones's own filings in the trial court, appears to belie Jones's assertion that he did not timely receive the Order from which he seeks to appeal. Within the time period to appeal, Jones sought reconsideration of the very order he maintains he did not receive. (O.R. Item 6.) Jones filed a petition for reconsideration dated November 8, 2022, which was received and docketed by the trial court on November 23, 2022. The Order from which Jones seeks to appeal was entered October 28, 2022. Therefore, Jones had until November 28, 2022,[4] to file a timely notice of appeal. Jones sought reconsideration of the Order within that time period.[5] We believe Jones must have received the Order to have sought reconsideration of it. This contradicts Jones's assertions that he did not receive the Order and the Order was sent to the wrong person multiple times.

---

[4] Thirty days from October 28, 2022, would have been November 27, 2022, but since that date was a Sunday, Jones would have had until the next business day. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . , such day shall be omitted from the computation.").

[5] We note that the filing of a motion for reconsideration does not stay the appeal period. *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 n.3 (Pa. Cmwlth. 2021).

Because Jones has not met the heavy burden of showing he is entitled to *nunc pro tunc* relief, we must quash his appeal for lack of jurisdiction.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Jones,                        :

            Appellant     :

                        :

        v.             :     No. 387 C.D. 2023

                        :

Superintendent of SCI Benner    :

## O R D E R

**NOW**, July 23, 2024, the *Nunc Pro Tunc* Notice of Appeal filed by Shawn Jones is **DENIED**, and the appeal in this matter is **QUASHED**.

_____

**RENÉE COHN JUBELIRER,** President Judge