IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Henry Gamble, Jr.,       :
               Petitioner     :
                            :
        v.                :
                            :
Maxim Healthcare Services, Inc.    :
(Workers' Compensation Appeal   :
Board),                     :   No. 1136 C.D. 2024
              Respondent    :   Submitted: October 7, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: December 17, 2025

Jonathan Henry Gamble, Jr. (Claimant) petitions this Court, pro se, for review of the Workers' Compensation (WC) Appeal Board's (Board) August 1, 2024 order granting Maxim Healthcare Services, Inc.'s (Employer) Motion to Quash Claimant's Appeals (Motion to Quash) and affirming the WC Judge's (WCJ) decisions that granted Employer's Petitions to Terminate Compensation Benefits (Termination Petitions). The sole issue before this Court is whether the Board properly quashed Claimant's appeals as untimely.[1] After review, this Court affirms.

Claimant sustained an injury during the course and scope of his employment with Employer on May 19, 2022, and Claimant sustained a separate work injury while working for Employer on September 12, 2022. As to the May 19, 2022 work injury, Employer issued a Notice of Temporary Compensation Payable (NTCP) on June 3, 2022, agreeing to pay Claimant WC benefits for an injury

---

[1] In his Statement of Questions Involved, Claimant presents seven issues, none of which relate to the Board's basis for granting Employer's Motion to Quash, i.e., the untimeliness of Claimant's appeals. *See* Claimant Br. at 10-11. The only arguments Claimant raises in the instant appeal concerning the timeliness of his appeals appear in his reply brief.

described as a "concussion"/"multiple head injury[.]" Supplemental Reproduced Record (S.R.R.) at 8b, 10b. Employer issued both a Notice Stopping Temporary Compensation, *see* S.R.R. at 12b, and a Notice of Compensation Denial on July 24, 2022, stopping those temporary payments, *see* S.R.R. at 14b, followed by an Amended Medical-Only NTCP issued on July 26, 2022, agreeing to pay medical benefits, but not wage loss benefits related to Claimant's May 19, 2022 injury.

As for the September 12, 2022 work injury, Employer issued an NTCP on September 29, 2022, agreeing to pay Claimant benefits for the injury, which was described as a "[s]train or [t]ear" of the "[l]ower [b]ack [a]rea." S.R.R. at 17b. An attached Statement of Wages listed Claimant's weekly WC rate as $395.39, based on Claimant's $439.32 average weekly wage. *See* S.R.R. at 23b-24b. The NTCP for the September 2022 work injury converted to a Notice of Compensation Payable by operation of law.

On December 6, 2022, Employer filed a Termination Petition, alleging that Claimant fully recovered from his May 19, 2022 work injury as of October 26, 2022. *See* S.R.R. at 26b. Claimant filed a timely answer, denying Employer's allegations. *See* S.R.R. at 30b. Employer also filed a separate Termination Petition on February 2, 2023, averring that Claimant fully recovered from his September 12, 2022 work injury, effective December 13, 2022. *See* Certified Record (C.R.) at 232.[2] Claimant timely filed an answer denying the averments. *See* C.R. at 238.

On July 25, 2023, the parties executed Compromise and Release (C&R) Agreements, resolving Claimant's wage loss benefit claims related to both work injuries for a lump sum payment, less counsel fees, and agreed to release Employer from liability for any and all work injuries that Claimant alleged against Employer. *See* C.R. at 217-219. The C&R specified that Claimant's medical benefits associated

---

[2] Because the Certified Record pages are not numbered, this Court references electronic pagination herein.

2

with his work injury claims were not being settled and, therefore, would "remain open until such time as those benefits are terminated, or otherwise settled in accordance with the Pennsylvania [WC] Act [(Act)[3]]." C.R. at 218-219. The C&R also specifically reserved the parties' rights to continue to litigate Employer's Termination Petitions before the WCJ. *See* C.R. at 219. On August 28, 2023, the WCJ approved the C&Rs for both work injuries; however, the parties requested that the WCJ render determinations regarding the underlying Termination Petitions.[4]

On October 2, 2023, the WCJ granted the Termination Petition for Claimant's May 19, 2022 work injury. The WCJ concluded that Employer met its burden establishing that Claimant's May 19, 2022 work injury was fully resolved and terminated WC benefits effective October 26, 2022. On October 3, 2023, the WCJ granted Employer's Termination Petition for Claimant's September 12, 2022 work injury. The WCJ concluded that Employer met its burden establishing that Claimant fully recovered from his September 12, 2022 work injury as of December 13, 2022, and terminated WC benefits accordingly. Claimant appealed from both WCJ decisions to the Board. Claimant's envelopes containing his appeals were postmarked October 24, 2023, and each included a United States Postal Service (USPS) Form indicating the same date. *See* C.R. at 34, 36. The Board consolidated the appeals. Thereafter, Employer filed its Motion to Quash.[5] On August 1, 2024, the Board granted Employer's Motion to Quash. Claimant appealed to this Court.[6] On October 10, 2024, the Board transmitted its Certified Record to this Court.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[4] The WCJ's August 28, 2023 decision does not appear in either the Certified Record or the Supplemental Reproduced Record.

[5] The Motion to Quash does not appear in either the Certified Record or the Supplemental Reproduced Record.

[6] This Court's "review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal*

3

After Claimant had filed various meritless applications for relief with this Court, which this Court denied, by July 1, 2025 Order, this Court declared, *inter alia*:

> A review of this Court's docket indicates that the case has been fully briefed by all parties, and will be assigned to a panel of this Court for final disposition in due course. Upon the filing of the instant Order, there will be no further open applications before the Court.

July 1, 2025 Order. Notwithstanding, on July 30, 2025, Claimant filed a Motion for Nunc Pro Tunc Relief to Correct WC Appeal Filing Date (Nunc Pro Tunc Motion).[7] Therein, Claimant sought to have this Court correct the Board's record to reflect that Claimant's appeal from the WCJ's decision was timely filed to the Board and to issue a subpoena to obtain the full electronic filing history and metadata relating to the appeal. Employer filed an answer in opposition thereto. By August 12, 2025 Order, this Court directed that the Nunc Pro Tunc Motion and answer be listed for consideration with the merits underlying the appeal. Because this issue is potentially dispositive of the issue before this Court, this Court will address it first.

> Initially,

> [a]n appellate court is limited to considering only those facts that have been duly certified in the record on appeal. *City of Pittsburgh Comm['n] on Hum[.] [Rels.] v. DeFelice*, 782 A.2d 586, 593 n. 10 (Pa. Cmwlth. 2001). For purposes of appellate review, that which is not part of the certified record does not exist. *Id*. Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record. *Stabler Dev[.] Co[.] v. B[d.] of Supervisors of Lower Mt. Bethel T[wp.]*, 695 A.2d 882, 887 n.5 (Pa. Cmwlth. 1997) . . . . "**[I]t is the**

---

*Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

[7] The Nunc Pro Tunc Motion only references one of his two appeals from the WCJ's decisions.

> **responsibility of the [petitioner] to supply this Court with a complete record for purposes of review**. The failure by a[ petitioner] to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue(s) sought to be examined." *Salameh v. Spossey*, 731 A.2d 649, 658 (Pa. Cmwlth. [1999]) . . . (citation omitted).

*Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063-64 (Pa. Cmwlth. 2023) (emphasis added) (quoting *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657-58 (Pa. Cmwlth. 2012)).

Here, approximately 10 months after the Board transferred the Certified Record to this Court, Claimant is seeking to have this Court correct it to reflect that Claimant's appeal was timely filed on October 21, 2023, and issue a subpoena to the WC Automation and Integration System (WCAIS) Records Unit for him to obtain the full electronic filing history and metadata relating to his appeal based on an undated email in response to a "Gmail Request for Verification of Sent Email to WCAIS" stating: "[Claimant,] [P]lease note your email was received by the [Board] on 10/21/2023. See picture below."[8] Nunc Pro Tunc Motion at Ex. 1. However, because this email was not supplied to or considered by the Board, even after Employer submitted its Motion to Quash, this Court cannot now consider it. Importantly, because no picture was included with the email, this Court has no way of knowing what "email was received by the [Board] on 10/21/2023." *Id*. Accordingly, Claimant's Nunc Pro Tunc Motion is denied.

Relative to the merits of the appeal, Section 423(a) of the Act mandates: "Any party in interest may, within [20] days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal to the [B]oard . . . ." 77 P.S. § 853. Here, the first WCJ decision was dated "10/02/2023," and the second WCJ decision

---

[8] There is no picture below. *See* Nunc Pro Tunc Motion at Ex. 1

was dated "10/03/2023." S.R.R. at 186b, 193b. Both WCJ decisions instructed: "If you do not agree with this [d]ecision, an appeal must be filed with the . . . Board within 20 days from, but not including, the date of th[e] notice." *Id*.; *see also* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period."). Thus, Claimant's appeals to the Board were due October 21 and 22, 2023, respectively. Because October 21, 2023, was a Saturday, and October 22, 2023, was a Sunday, both appeals to the Board were due October 23, 2023. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation."). Although the Board time-stamped both appeals "[r]eceived Oct[ober] 26, 2023," C.R. at 34, 36, both contained an October 24, 2023 USPS postmark, as well as a USPS certificate of mailing indicating a mailing date of October 24, 2023. *Id*. Section 111.3(a) of the Special Rules of Administrative Practice and Procedure Before the Board instructs, in pertinent part:

> **Filing is deemed complete** upon one of the following:
>
> (i) Delivery in person.
>
> (ii) If by electronic submission, upon receipt and in a format as prescribed by the Department [of Labor and Industry (Department)] and published in the Pennsylvania Bulletin or the Department's web site located at www.dli.state.pa.us.
>
> (iii) **If by mail**, **upon deposit in the United States mail**, properly addressed, postage or charges prepaid, **as evidenced by** one of the following:
>
> (A) [**USPS**] **postmark**.
>
> (B) [**USPS**] **Certificate of Mailing** (USPS Form 3817 or other similar [USPS] form from which the date of deposit can be verified), enclosed with the filing or submitted separately to the Department.

34 Pa. Code § 111.3 (emphasis added). Accordingly, Claimant's appeals were deemed filed on October 24, 2023, which was one day after the appeal deadline.

This Court has explained:

> [I]t is well established that the failure to file an appeal within the requisite time period is jurisdictional. Our Supreme Court has cautioned that "[i]n order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal." *Criss* [*v. Wise*], . . . 781 A.2d [1156,] 1159 [(Pa. 2001)]. The deadline for filing an appeal "cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth*, . . . 401 A.2d 1133, 1135 ([Pa.] 1979).

*Wheatley v. Pyramid Hotel Grp. (Workers' Comp. Appeal Bd.)*, 309 A.3d 173, 177 (Pa. Cmwlth. 2024) (quoting *Best Courier v. Dep't of Lab. & Indus.*, 220 A.3d 696, 700 (Pa. Cmwlth. 2019) (citations and footnote omitted)). Accordingly, because Claimant's appeals were filed one day after the deadline, the Board properly granted the Motion to Quash and dismissed Claimant's appeals as untimely.

For all of the above reasons, the Board's order is affirmed.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Henry Gamble, Jr., :
        Petitioner :
         :
        v. :
         :
Maxim Healthcare Services, Inc. :
(Workers' Compensation Appeal :
Board), : No. 1136 C.D. 2024
        Respondent :

PER CURIAM

## O R D E R

AND NOW, this 17th day of December, 2025, Jonathan Henry Gamble, Jr.'s Motion for Nunc Pro Tunc Relief to Correct WC Appeal Filing Date is DENIED, and the Workers' Compensation Appeal Board's August 1, 2024 order is AFFIRMED.